Robert STRONG, Appellee-Petitioner,

v.

INSURANCE COMPANY OF NORTH AMER-
ICA, Appellee-Defendant,
and
Thomas A. Wiseman, Jr., Treasurer of the
State of Tennessee, as Custodian of the Sec-
ond Injury Fund, Appellant-Defendant.

Supreme Court of Tennessee.

Feb. 5, 1973.

Richard H. Winningham, Chattanooga, for appellee-petitioner.

Milligan, Hooper & Harris, Chattanooga, for appellee-defendant.

David M. Pack, Atty. Gen., State of Tennessee, C. Hayes Cooney, Asst. Atty. Gen., Nashville, for appellant-defendant.

## OPINION

DYER, Chief Justice.

This is an appeal in a workmen's compensation case by the Treasurer of the State of Tennessee, as Custodian of the Second Injury Fund, T.C.A. § 50–1027, from the judgment of the chancellor awarding employee, Robert Strong, benefits based upon total and permanent disability, to be paid sixty-five per cent by the Second Injury Fund, and thirty-five per cent by the insurance carrier for the employer, Chattanooga Warehouse and Cold Storage Company, Inc.

Employee was first employed by Chattanooga Warehouse and Cold Storage Company, Inc., about 1948, and remained in this employment until September 9, 1971, at which time he suffered, by industrial accident, multiple injuries to his right leg and

to his head, resulting in permanent disability to these members of his body. Prior to the accident of September 9, 1971, employee had suffered injuries leaving him with permanent disability to his left leg (1935), and to his shoulder (1954). Under these facts, not now disputed, the chancellor found employee to be permanently and totally disabled, assessing his percentage of disability to be charged to the present injury (September 9, 1971), at thirty-five per cent, and leaving a balance of sixty-five per cent to be paid by the Second Injury Fund.

The Treasurer, as Custodian of the Second Injury Fund, assigns one error as follows:

That the trial court erred in awarding any recovery herein against the Second Injury Fund on the ground that there was no finding that the appellee, Robert Strong's last employer had notice of his prior injury at the time it employed him.

This assignment of error relates to the holding of this Court in E. I. DuPont v. Friar, 218 Tenn. 554, 404 S.W.2d 518 (1966). The holding in the *Friar* case applicable here is that an employer at the time he hires an employee will have to have actual notice or knowledge the employee has a permanent disability in order that the Second Injury Fund be applicable if the employee in suffering a latter injury arising out of and in the course of his employment becomes totally and permanently disabled, resulting from the prior permanent disability and the permanent disability from the latter injury.

■ The basic purpose supporting the enactment of the Second Injury Fund supplies the reason for this holding in the *Friar* case. Under our Workmen's Compensation Statutes we hold an employer takes an employee, insofar as his physical condition is concerned, as he finds him. This holding as to an employee having a permanent disability places an employer in a difficult position since, if he hires such an employee, he runs a greater risk of

having to pay benefits for total and permanent disability if the latter injury, coupled with the prior permanent disability results in the employee becoming permanently and totally disabled. The Legislature, realizing the employment of persons with permanent disabilities is very much in the public interest and to give some aid to such persons, enacted the Second Injury Fund to overcome some of the resistance employers would have in employing such persons. The basic object of the Second Injury Fund would have no application where employer had no notice or knowledge at the time of the hiring of employee's permanent disability at the time he was employed.

It should be noted the Second Injury Fund Statute, T.C.A. § 50–1027, does not, in explicit language, require an employer to have notice or knowledge at the time of hiring the employee that employee has a permanent disability. The statute only requires the employee has "previously sustained a permanent disability." The notice or knowledge rule is a product of judicial construction. DuPont v. Friar, *supra*.

While the issue was not raised in the *Friar* case, such not being necessary to the decision in that case, we think the basic object of the Second Injury Fund is broad enough to encourage an employer to retain in his employment an employee with a permanent disability even though the employer receives notice or knowledge for the first time the employee has a permanent disability after the initial hiring and during the course of such employee's employment.

To limit coverage of the Second Injury Fund only to an employer who had notice of the physical impairment prior to the initial hiring would severely limit the basic object of the legislation. Further, it would encourage an employer to discharge an employee with a permanent disability when the employer learned of the impairment.

■ Under this view of the matter, in order for the Second Injury Fund to be

applicable the crucial times when an employer have notice the employee has a permanent disability are either when an employee is initially hired, or when the employment is continued with or without change in its character after the employer has notice the employee has a permanent disability.

■ There is evidence in the case at bar that the employer had notice during the course of the employment that the employee had a permanent disability, and with this notice continued employee in its employment. At one time during this employment, prior to the injury of September 9, 1971, the employer placed this employee on lighter work due to the employee's physical impairment. The employee testified on several occasions prior to the injury of September 9, 1971, he called to the attention of his employer his physical impairments.

The judgment is affirmed.

CHATTIN, HUMPHREYS, and McCANLESS, JJ., and WILSON, Special Justice, concur.