William M. SITZ, Appellee,

v.

GOODYEAR TRUCK TIRE CENTER, Appellee,

v.

DEPARTMENT OF LABOR SECOND INJURY FUND, Appellant.

Supreme Court of Tennessee, at Knoxville.

Dec. 19, 1988.

W.J. Michael Cody, Atty. Gen. & Reporter, Dianne Stamey, Asst. Atty. Gen., Nashville, for appellant.

Jerry Summers, Thomas J. Wright, Summers, McCrea & Wyatt P.C., Chattanooga, for William Sitz.

Thomas E. LeQuire, Law Offices of Thomas E. LeQuire, Chattanooga, for Goodyear Truck Tire Center.

OPINION

COOPER, Justice.

This is an appeal by the Department of Labor, Second Injury Fund, from a judgment of the Chancery Court of Hamilton County ordering the fund to pay 7.5 percent of the benefits due William M. Sitz, who was determined to be totally and permanently disabled.

Mr. Sitz injured his back on June 26, 1986, when a tire he was filling with air exploded. This action was brought against his employer, Goodyear Tire & Rubber Company, which, in turn, filed a third party complaint against the Second Injury Fund.

On trial, it was determined that Mr. Sitz is now totally and permanently disabled as the result of the injury received on June 26, 1986. It was also determined that plaintiff had previously hurt his back in a work-related incident in 1970, and had settled the earlier claim on the basis of 7.5 percent permanent disability to the body as a whole. The employer did not have knowledge of the prior worker's compensation settlement until after the claim now under consideration was made. The trial court concluded that knowledge of the prior settlement was not a prerequisite to recovery of Second Injury Fund benefits under T.C.A. § 50–6–208(b), and ordered Goodyear to pay 92.5 percent of the worker's compensation benefits due Mr. Sitz, and the Second Injury Fund to pay the remaining 7.5 percent.

In 1985, the General Assembly reworked the so-called "Second Injury Fund" statute, by deleting subsections (a) and (b) of § 50–6–208 and substituting the present statutory provisions. Section 50–6–208(a) now provides that if the employee has a preexisting permanent impairment, and is subsequently permanently and totally disabled in a compensable accident, the employer is liable only for the disability that

would have resulted from the subsequent injury without consideration of the first, the Second Injury Fund paying the difference. The employer must, however, have had actual knowledge of the preexisting disability prior to the subsequent injury, though there is no longer a written record requirement.

Subsection (b)(1), the subsection that was the foundation of the chancellor's determination of liability on the part of the Second Injury Fund, provides that:

> In cases where the injured employee has received or will receive a workers' compensation award or awards for permanent disability to the body as a whole, and the combination of such awards equals or exceeds one hundred percent (100%) permanent disability to the body as a whole, the employee shall not be entitled to receive from the employer or its insurance carrier any compensation for permanent disability to the body as a whole that would be in excess of one hundred percent (100%) permanent disability to the body as a whole, after combining awards. Benefits which may be due the employee for permanent disability to the body as a whole, after combining awards, shall be paid by the second injury fund. *It is the intention of the legislature that once an employee receives an award or awards for permanent disability to the body as a whole, and such awards total one hundred percent (100%) permanent disability, any permanent disability compensation due for subsequent compensable injuries to the body as a whole shall be paid by the second injury fund, instead of by the employer.* (Emphasis supplied.)

The party claiming compensation against the Second Injury Fund has the burden of proving the existence of previous awards of benefits for permanent disability specific to the body as a whole. T.C.A. § 50–6–208(b)(2). There is no express requirement in either T.C.A. § 50–6–208(b)(1) or (b)(2) that an employer have knowledge of the prior workers' compensation awards at the time, or during the time, of employment of the injured worker in order for the employer to take advantage of the limitation of an employer's liability described in T.C.A. § 50–6–208(b)(1).

Appellant insists that it is evident from a fair reading of T.C.A. § 50–6–208 that the knowledge requirement set forth in subsection (a) was intended to be carried forward in subsection (b). Further, that unless the knowledge requirement is read into subsection (b), there would be no incentive for an employer to hire or retain employees previously injured in the course and scope of their employment, which after all is the basic purpose behind the creation of the Second Injury Fund. Contrary to the argument of appellant, we find nothing in the language of T.C.A. § 50–6–208 to indicate that the legislature intended the knowledge requirement of section (a) be carried forward into section (b). Rather, the legislature specifically stated its intent in broadening the liability of the Second Injury Fund in subsection (b)—it is (1) to limit the exposure of any and all employers of a worker, throughout the worker's productive life, for payment of worker's compensation benefits to a sum total of one hundred percent for permanent disability to the body as a whole, and (2) to insure that the worker loses no benefits by making the Second Injury Fund liable for payment of benefits in the percentage that the total workers' compensation awards for disability to the body as a whole exceeds 100 percent. A requirement of prior knowledge on the part of an employer would defeat rather than enhance the carrying out of this intent, and we decline to read such a requirement into subsection (b) absent some expression to that effect by the legislature.

The judgment of the trial court is affirmed. Costs incident to the appeal will be paid by the Second Injury Fund.

HARBISON, C.J., and FONES and O'BRIEN, JJ., concur.

DROWOTA, J., dissents.

DROWOTA, Justice, dissenting.

I respectfully dissent. I agree with the appellant that the knowledge requirement applies to § 50–6–208(b).

The majority opinion rests on the ground that § 50–6–208(b) advances two policies, which would be defeated by the knowledge requirement. I address initially the second policy identified by the majority. The majority holds that removal of the knowledge requirement in § 50–6–208(b)(1) prevents the loss of benefits to the worker from the second injury fund. I disagree.

This Court has long held that an employer takes an employee as he or she is and is liable for disability resulting from an accident which aggravates a pre-existing physical impairment. See, e.g., *E.I. duPont de Nemours & Company v. Friar*, 218 Tenn. 554, 404 S.W.2d 518, 521 (1966). If an employee has a claim against the Second Injury Fund, the liability of the employer and its insurance carrier is limited. *Travelers Insurance Company v. Austin*, 521 S.W.2d 783, 787 (Tenn.1975).

The 1985 statute, however, (as well as the prior statute) expressly places on the employer the burden of proving actual knowledge. The statute states in relevant part that "the employer must establish that the employer had actual knowledge of the permanent and pre-existing disability." If the employer fails to meet this burden, it is liable to the employee for 100% permanent disability benefits. If it meets the burden, employer's liability is limited, with the Second Injury Fund liable for the difference. In either case, employee receives 100% permanent disability benefits. The knowledge requirement affects the employer's liability, but it does not adversely affect the employee.[1]

The other policy identified by the majority is that subsection (b)(1) is intended to limit the exposure of any and all employers of a worker to a sum total of one hundred percent disability to the body as a whole throughout the worker's productive life. Although I agree that subsection (b)(1) intends such a result, that policy is not incompatible with the knowledge requirement. On the contrary, in any view the majority reasoning is incompatible with the fundamental purpose of the Second Injury Fund.

The basic purpose of the Second Injury Fund is to encourage the employment of persons with permanent disabilities, by limiting to some extent the employer's workers' compensation liability for these employees. *E.I. duPont de Nemours & Company v. Friar*, 218 Tenn. 554, 404 S.W.2d 518 (1966). In harmony with this purpose, we stated in *Friar* that recovery from the Second Injury Fund should not be extended to prior conditions of which the employer was unaware. We therefore held that in the absence of a prior disability that is patent

> "[t]he presumption would be that the employer was unaware of such pre-existing disability, and the employer would have to stand the burden of proving knowledge of such a condition at the time of hiring."

*Id.*, 404 S.W.2d at 522.

The knowledge requirement was originally a product of judicial construction; the statute contained no express provision regarding it. In 1973, however, the General Assembly codified the knowledge requirement, and indeed made it more stringent, by requiring the employer to establish by written records that it had prior knowledge of the permanent and pre-existing impairment. Public Acts of 1973, ch. 379, § 10; *U.S. Pipe & Foundry Co. v. Caraway*, 546 S.W.2d 215, 218 (Tenn.1977). This legislative action recognized what we had previously held, namely, that the knowledge requirement is integral to the "clear purpose of this legislation [which] is to encourage employers to hire workers with an existing

1. None of the three parties to this appeal suggested that the employee's recovery could be limited to 92.5%. The issue drawn by the parties, rather, is whether the remaining 7.5% should be paid by the Second Injury Fund or by the employer.

handicap." *Friar,* supra, 404 S.W.2d at 521.

The 1985 legislation has retained this knowledge requirement, although it has replaced the "written records" requirement with the "actual knowledge" requirement. True, this statutory requirement contained in subsection (a) is not duplicated verbatim in subsection (b). In my view, however, the General Assembly did not intend subsection (b) as a wholly separate basis of recovery from the Second Injury Fund. For instance, in the preceding clause of the same sentence containing the "actual knowledge" requirement, subsection (a) also requires that "the injured employee must be the employee of an employer who has properly insured his workers' compensation liability or has qualified to operate as a self-insurer." No such requirement appears in subsection (b), yet I do not think that an employer who has failed to meet the insurance or self-insurance requirements of T.C.A. § 50–6–405 may nevertheless take advantage of the Second Injury Fund under § 50–6–208(b). In my opinion, these requirements were intended to apply to all Second Injury Fund cases.

Furthermore, the legislative history shows no intention of departing from the fundamental policy behind the Second Injury Fund, but instead indicates an intention to keep that policy. The remarks of the Senate Sponsor are pertinent:

"The Second Injury Fund is opened up so that an employee who has been a 100% disability from a previous injury that has been rehabilitated and goes back on the job can then if he's injured go into the Second Injury Fund and get his recovery. *This encourages the employer to hire people who have been previously injured* so that they're not going to be worried about having to pay for an employee who has a problem and if he gets hurt they'll end up paying for his old injury. This protects him if that other employee got a 100% disability."

Remarks of Senator Riley C. Darnell, May 2, 1985, Tape S-94, State Library and Archives [emphasis supplied]. These remarks indicate that the legislature intended no change in the fundamental purpose of encouraging the hiring of employees with prior disabilities. The knowledge requirement is an integral part of this policy of encouragement, which

"would have no application where employer had no notice or knowledge at the time of the hiring of employee's permanent disability at the time he was employed."

*Strong v. Insurance Company of North America,* 490 S.W.2d 162, 163 (Tenn.1973).

For these reasons I would hold that the actual knowledge requirement applies to § 50–6–208(a) & (b). The employer having failed to show actual knowledge of the prior disability, I would hold that it is liable for 100% permanent disability benefits.