Carroll Lee SIMS, Plaintiff–Appellee,

v.

BITUMINOUS CASUALTY CORPORATION, Fire & Marine Insurance Co., Watauga Industries, Defendants–Appellees,

and

Sue Ann Head, Director of the Division of Workers' Compensation, Tennessee Department of Labor, Second Injury Fund, Defendant–Appellant.

Supreme Court of Tennessee, at Knoxville.

Nov. 5, 1990.

Steven C. Rose, Kingsport, for defendants-appellees.

William J. Byrd, David W. Bush, Elizabethton, for plaintiff-appellee.

Charles W. Burson, Atty. Gen. & Reporter, Diane Stamey Dycus, Asst. Atty. Gen., Nashville, for defendant-appellant.

OPINION

DROWOTA, Justice.

This is an appeal by the Tennessee Department of Labor, Second Injury Fund, Defendant–Appellant, from a judgment of the Circuit Court for Carter County, ordering the Second Injury Fund to pay 50 percent of the benefits due to the employee, Carroll Lee Sims, Plaintiff–Appellee, who was determined to be totally and permanently disabled. The issues are (1) whether the trial court erred under T.C.A. § 50–6–208 in apportioning the award 50 percent to the Second Injury Fund and 50 percent to the employer, Watauga Industries, Inc. ("Watauga") and (2) whether a partial lump sum award of benefits was appropriate.

The Plaintiff, Carroll Sims, was a manual laborer who had been employed by Watauga since 1974. In November 1979, Mr. Sims sustained a back injury which was in the scope and course of his employment at Watauga. This injury necessitated surgery for a herniated disc and resulted in a workers' compensation settlement for 20 percent permanent partial disability to the body as a whole. This settlement was judi

cially approved as required by T.C.A. § 50–6–206.

Mr. Sims remained an employee of Watauga and returned to work performing heavy manual labor. In November 1987, Mr. Sims injured his back a second time while attempting to move a 55 gallon barrel. He underwent surgery at which time a disc was removed and metal plates implanted to stablize his spine. He was assessed a permanent disability rating to the body as whole of 28 percent by the orthopedic surgeon who performed the surgery. This workers' compensation action against the employer, its insuror, and the Second Injury Fund resulted.

The trial court determined that, as a result of the second injury, Mr. Sims suffered permanent partial disability of 50 percent to the body as a whole. The court found that Mr. Sims was permanently and totally disabled, taking into account both injuries, his work history consisting of primarily heavy manual labor, the severe restrictions imposed by the orthopedic surgeon, an eighth grade education, a learning disability, and vision problems. With respect to the allocation of the award, it was ordered that the employer and the Second Injury Fund each pay 50 percent of the benefits. It was also determined that a substantial portion of the award be commuted to a lump sum in order to enable Mr. Sims to purchase a residence.

I.

■ The primary question for our review is the apportionment made by the trial court between the employer and the Second Injury Fund. The Second Injury Fund statute, T.C.A. § 50–6–208, is controlling and in pertinent part provides:

(a) If an employee has previously sustained a permanent physical disability from any cause or origin and becomes permanently and totally disabled through a subsequent injury, he shall be entitled to compensation from his employer or the employer's insurance company only for the disability that would have resulted from the subsequent injury, and such previous injury shall not be considered in estimating the compensation to which the employee may be entitled under this chapter from the employer or the employer's insurance company; provided, however, that in addition to such compensation for a subsequent injury, and after completion of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for the permanent total disability out of a special fund to be known as the "second injury fund" therein created. To receive benefits from the second injury fund, the injured employee must be the employee of an employer who has properly insured his workers' compensation liability or has qualified to operate under the Tennessee Workers' Compensation Law as a self-insurer, and the employer must establish that the employer had actual knowledge of the permanent and preexisting disability at the time that the employee was hired or at the time that the employee was retained in employment after the employer acquired such knowledge but in all cases prior to the subsequent injury. In determining the percentage of disability for which the second injury fund shall be liable, no previous physical impairment shall be considered unless such impairment was within the knowledge of the employer as prescribed above. Nothing in this section shall be construed to limit the employer's liability as provided by law for aggravation of preexisting conditions or disabilities in cases where recovery against the second injury fund is not applicable.

(b)(1) In cases where the injured employee has received or will receive a workers' compensation award or awards for permanent disability to the body as a whole, and the combination of such awards equals or exceeds one hundred percent (100%) permanent disability to the body as a whole, the employee shall not be entitled to receive from the employer or its insurance carrier any compensation for permanent disability to the body as a whole that would be in excess of one hundred percent (100%) permanent disability to the body as a whole,

after combining awards. Benefits which may be due the employee for permanent disability to the body as a whole in excess of one hundred percent (100%) permanent disability to the body as a whole, after combining awards, shall be paid by the second injury fund. It is the intention of the legislature that once an employee receives an award or awards for permanent disability to the body as a whole, and such awards total one hundred percent (100%) permanent disability, any permanent disability compensation due for subsequent compensable injuries to the body as a whole shall be paid by the second injury fund, instead of by the employer.

The Second Injury Fund insists that if Mr. Sims was entitled to 50 percent permanent disability to the body as a whole as a result of the November 1987 injury, the Second Injury Fund would have no liability because the combined awards of 20 percent and 50 percent are less than that required by subsection (b). Alternatively, if Mr. Sims was entitled to 100 percent permanent disability to the body as a whole as a result of the 1987 injury, the combination of this award with the prior one of 20 percent equals 120 percent, thereby imposing liability on the Second Injury Fund for 20 percent in accordance with subsection (b). The employee, employer, and the employer's insurance company, all maintain that the trial court was correct in treating this as a subsection (a) case because the combined awards of 20 percent and 50 percent do not equal or exceed 100 percent as required by subsection (b).

In *Burris v. Cross Mountain Coal Co.,* 798 S.W.2d 746 released simultaneously with this opinion, we made the following observations regarding the Second Injury Fund statute:

Reduced to its essentials, subsection (a) provides that if the employee has a preexisting permanent physical impairment from any cause or origin, and is then subsequently permanently and totally disabled in a compensable accident, the employer is liable only for the disability that would have resulted from the subsequent injury without consideration of the first. The Second Injury Fund thus pays the difference between the amount received by the injured employee from the employer for the second injury, and the amount to which he would be entitled in order to be compensated for the permanent total disability. Subsection (a) applies whether or not the prior permanent disability was work-related or compensated under workers' compensation laws. Subsection (a) also requires the employer to have had actual knowledge of the preexisting permanent physical disability prior to the subsequent injury.

Subsection (b), unlike subsection (a), contains no knowledge requirement. *Sitz v. Goodyear Truck Tire Center,* 762 S.W.2d 886, 887 (Tenn.1988) (Drowota dissenting). Under its own terms, subsection (b) applies when an employee has received or will receive a workers' compensation award or awards for permanent disability to the body as a whole *and* the combination of the awards equals or exceeds 100% permanent disability to the body as a whole. When this occurs, the awards are combined and the Second Injury Fund liable for benefits due to the employee in excess of 100%.

\*　　\*　　\*　　\*　　\*　　\*

Regardless of the employee's history concerning work-related injuries, the employer will only be responsible for the employee's first 100% workers' compensation disability to the body as a whole and the Second Injury Fund will be responsible for any benefit in excess thereof. This is consistent with the basic purpose of the Second Injury Fund to encourage the employment of persons with permanent physical disability by limiting to some extent the employer's workers' compensation liability.

\*　　\*　　\*　　\*　　\*　　\*

Accordingly, we hold that where there has been a previous award of workers' compensation for permanent disability to the body as a whole and the combined awards equal or exceed 100%, subsection

(b) applies. If either one of these requirements is lacking, subsection (a) is to be applied provided the employee becomes permanently and totally disabled by virtue of a subsequent injury and the knowledge requirement is satisfied.

The standard of review by this Court of the findings of the trial court is *de novo* with a presumption of the correctness of the findings, unless the evidence preponderates otherwise. T.C.A. § 50–6–225(e). "This standard of review differs from that previously provided and requires this Court to weigh in more depth factual findings and conclusions of trial judges in workers' compensation cases." *Humphrey v. Witherspoon, Inc.*, 734 S.W.2d 315 (Tenn.1987).

In view of the fact that the 1979 injury was settled for 20 percent permanent disability to the body as a whole, the finding of the trial court that the 1987 injury resulted in a 50 percent permanent partial disability to the body as a whole is inconsistent with the conclusion that Mr. Sims was permanently and totally (100 percent) disabled after the second injury.

In light of our *de novo* review, we have no quarrel with the conclusion reached by the trial court that Mr. Sims is now permanently and totally (100 percent) disabled given the anatomical impairments stemming from the two injuries, his limited education and training, substantial physical restrictions imposed by his orthopedic surgeon, and his work history of manual labor.

The employer contends that the 20 percent court approved settlement for the 1979 injury should in fact be 50 percent. We refuse to permit the employer to, in effect, relitigate the prior award of 20 percent to the body as a whole for the reasons set forth in *Burris*. We are of the opinion that the second injury, in point of fact, resulted in 100 percent permanent disability to the body as a whole. Accordingly, subsection (b) applies because there had been a prior workers' compensation award of 20 percent permanent disability to the body as a whole and the combination of the awards (20 percent and 100 percent) are in "excess" of 100 percent. The employer is thus liable for 80 percent and the Second Injury Fund liable for 20 percent. This result is consistent with the *Burris* decision and the intent underlying the Second Injury Fund statute.

## II.

 Finally, the Second Injury Fund contends that it was error to make a partial commutation of the award to a lump sum to enable Mr. Sims to purchase a residence. Given our conclusions in *Burris*, and *de novo* review of this record, we find no error in the disposition made by the trial court in this regard.

In view of the foregoing, we reverse the trial court's judgment insofar as it relates to the apportionment between the employer and the Second Injury Fund, but affirm in all other respects. The costs incident to this appeal shall be split evenly between the Appellees.

REID, C.J., and O'BRIEN,
DAUGHTREY and ANDERSON, JJ.,
concur.