J.C. REAGAN, Plaintiff–Appellee,

v.

**AMERICAN POLICYHOLDERS' INSURANCE COMPANY and Sue Ann Head, Commissioner of the Second Injury Fund, Defendants–Appellants.**

Supreme Court of Tennessee, at Nashville.

Oct. 19, 1992.

Luther E. Cantrell, Jr., Nashville, for appellant American Policyholders.

Charles W. Burson, Atty. Gen. and Reporter, Dianne Stamey Dycus, Asst. Atty. Gen., Nashville, for appellant Second Injury Fund.

James D. White, Jr., Celina, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

This workers' compensation case of first impression involves an appeal by Sue Ann Head, Commissioner of the Second Injury Fund, and the employer's insuror, American Policyholders' Insurance Company, from a judgment of the Chancery Court of Clay County finding that J.C. Reagan, Plaintiff–Appellee, is totally and permanently disabled. Although the Defendants–Appellants do not dispute the finding that the employee is permanently and totally disabled, they do dispute the trial court's apportionment of liability for payment of 550 weeks of benefits between the employer's insuror and the Second Injury Fund. The primary issue in this case, therefore, is whether the Chancellor erred in ordering the Second Injury Fund to pay 15% of 400 weeks at the employee's weekly benefit rate of $128.79, plus 15% of 150 weeks at the minimum weekly benefit rate of $35.00.

The facts in this case are not disputed. In 1973, the employee sustained a compensable injury for which he was compensated by payment of 15% permanent impairment to the body as a whole pursuant to a court-approved settlement. Subsequently, the employee was rendered permanently and totally disabled when he fell through a floor in August, 1988, and a month later when he injured his back while engaged in heavy lifting in the course and scope of his employment. It is also undisputed that the benefits due the employee are payable over 550 weeks because his average weekly wage, $128.79, is less than the statutory maximum weekly benefit. T.C.A. § 50–6–207(4).[1] Pursuant to T.C.A. § 50–6–208, the Chancellor ordered the Second Injury Fund to pay 15% of 400 weeks of benefits at the employee's weekly benefit rate of $128.79, plus 15% of 150 weeks at the minimum weekly benefit rate of $35.00. The employer's insuror was ordered to first pay its share of the 400 weeks followed by the Second Injury Fund for its share of the 400 weeks. After that, the employer's insuror would pay its 85% of the remaining 150 weeks and the Second Injury Fund would then follow with its 15%.

The Second Injury Fund argues that its liability should be 15% of 550 weeks, or 82.5 weeks of benefits, at the minimum weekly benefit rate of $35.00 because the employer is first liable for 85% of 550 weeks or 467.5 weeks. In other words, the employer should have paid 400 weeks of benefits at the rate of $128.79 per week and 67.5 weeks of benefits at the minimum rate of $35.00 per week because the employer is liable for 85% of the total award before the obligations of the Second Injury Fund take effect. The employer, on the other hand, insists that its liability is limited to 85% of 400 weeks, or 340 weeks, and the Second Injury Fund is liable for the remaining 210 weeks. The employee does not take a position one way or the other.

■ The objective of the legislation creating the Second Injury Fund is to limit the liability exposure of the employer by holding it responsible only for the employee's first 100% of workers' compensation disability, thereby encouraging the employment of injured workers. *See Burris v. Cross Mountain Coal Co.*, 798 S.W.2d 746 (Tenn.1990); *Sims v. Bituminous Cas. Corp.*, 798 S.W.2d 751 (Tenn.1990). In oth-

---

1. T.C.A. § 50–6–207(4)(A) provides in pertinent part: "For permanent total disability ... compensation shall be paid during the period of such permanent disability, not exceeding five hundred fifty (550) weeks, but in all such cases drawing more compensation than the minimum weekly benefit. The payments after the first four hundred (400) weeks shall be reduced to the minimum weekly benefit for the remainder of the five hundred fifty (550) weeks while permanent total disability continues...."

er words, the employer is responsible for the employee's first 100% of benefits and the Second Injury Fund is responsible for the rest.

 The apportionment made by the trial court is consistent with the policy underlying T.C.A. § 50–6–208 in limiting the employer's liability to 100% permanent disability. As stated above, the employee in this case is entitled to benefits payable over 550 weeks, not 400 weeks as is typically the case. *See* T.C.A. § 50–6–207(4)(A). When considering the total amount of the award, $56,766, the employer is paying 85% and the Second Injury Fund 15%.[2] Although the position taken by the Second Injury Fund would not result in the employer being held liable for more than 85% of the total number of *weeks* awarded, the employer would be responsible for more than 85% of the total amount of *money* awarded. Accordingly, we hold that the employer's insuror is liable for 85% of the total amount of the award, or $48,251.10, and the Second Injury Fund is responsible for payment of 15% of the total award, or $8,514.90. Apportioning the award in this manner is not only equitable, but consistent with the policy underlying T.C.A. § 50–6–208 in limiting the employer's liability to 100% permanent disability. Payments will be made in the sequence directed by the trial court.

Finally, the Second Injury Fund insists, based upon the provisions of Rule 54.04(1) of the Tennessee Rules of Civil Procedure, that the trial court lacked authority to assess costs against it.[3] The argument is that the Legislature has not specifically provided for taxing costs against the Second Injury Fund. However, this Court is persuaded that such authority is implied. It makes little sense to create the Second Injury Fund and provide for its liability just like any other litigant, and yet immunize it against assessment of costs. *See generally Sitz v. Goodyear Truck Tire Center,* 762 S.W.2d 886 (Tenn.1988) (costs assessed against the Second Injury Fund). Accordingly, we hold that the trial court had the authority to assess costs against the Second Injury Fund as it would against any other party subject to a judgment.

For the foregoing reasons, the judgment of the trial court is affirmed and the case remanded for any further proceedings which may be necessary, to include the calculation of interest pursuant to T.C.A. § 50–6–225(h). Costs shall be taxed 15% against the Second Injury Fund and 85% against American Policyholders.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.

---

2. The employer is liable for 85% of 400 weeks, or 340 weeks, at $128.79 per week for a total of $43,788.60; and for 85% of 150 weeks, or 127.5 weeks, at $35.00 per week for a total of $4,462.50; thus, the total liability of the employer is $48,251.10. The Second Injury Fund is liable for 15% of 400 weeks, or 60 weeks, at $128.79 per week, for a total of $7,727.40; and 15% of 150 weeks, or 22.5 weeks, at $35 per week, for a total of $787.50; thus, the Second Injury Fund has a total liability of $8,514.90.

3. Rule 54.04(1) provides in pertinent part: "[C]osts against the State, its officers, and agencies shall be imposed only to the extent permitted by law." *See also,* Rule 40 of the Tennessee Rules of Appellate Procedure which provides that costs on appeal may be assessed against the State.