Mason CAUDILL, Plaintiff–Appellant,

v.

CONSOLIDATION COAL COMPANY,
Defendant/Appellant/Appellee,

and

Sue Ann Head, Director, Division of Workers' Compensation, Tennessee Department of Labor, Second Injury Fund, Defendant/Appellee.

Supreme Court of Tennessee,
Special Workers' Compensation Appeals
Panel, at Knoxville.

Nov. 21, 1995.

Sherry Brashear and William O. Shults, Harlan, KY, for appellant Mason Caudill.

Thomas M. Cole, Arnett, Draper & Hagood, Knoxville, for appellant/appellee Consolidated Coal.

Charles W. Burson, Attorney General and Reporter, Dianne Stamey Dycus, Senior Counsel, Nashville, for appellee Sue Ann Head.

*Members of Panel:* PENNY J. WHITE, Justice, Supreme Court, and JOHN K. BYERS and WILLIAM H. INMAN, Senior Judges.

## MEMORANDUM OPINION

JOHN K. BYERS, Senior Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

The trial court in hearings on two separate claims awarded plaintiff 100 percent total permanent disability due to coal miner's pneumoconiosis and 65 percent permanent partial disability due to back injuries. In both cases the Second Injury Fund was dismissed as a party, leaving the employer liable for all benefits. The court allowed the employer to set off permanent partial disability benefits for back injury against total permanent disability payments for black lung. The claims have been consolidated for this appeal.

For the reasons herein cited, we affirm the dismissal of the Second Injury Fund as a party and the liability of the employer for all disability benefits. We reverse the trial court's set off of back injury disability payments against black lung disability payments and remand the case for entry of orders consistent with our opinion.

This consolidated case has a complex history. Prior to this litigation, plaintiff had two awards for permanent partial disability: a State of Kentucky award on March 8, 1965, for 25 percent permanent partial disability to the right leg (or 10 percent to the body as a whole); and a State of Tennessee award in 1970 for 7 percent permanent partial disability to the body as a whole as a result of a leg injury.

On May 27, 1992, plaintiff filed a claim for worker's compensation benefits due to coal miner's pneumoconiosis and a back injury which occurred on January 14, 1991. He later amended this complaint to add another back injury of April 11, 1991. On July 1, 1993, at the hearing on the complaint, plaintiff non-suited the claim for back injuries. By judgment of September 16, 1993, the trial court found plaintiff to be 100 percent totally and permanently disabled as a result of coal miner's pneumoconiosis, and awarded benefits under the Federal Coal Mine Health and Safety Act and Tenn.Code Ann. § 50–6–303(b), to be paid by the employer. The court found the Second Injury Fund was not a proper party because coal miner's pneumoconiosis is not covered by the Second Injury Fund. The court allowed the employer to offset permanent partial benefits, "or anything after April 13th of 1991" for the back injuries against their liability for total permanent disability due to black lung, because that total permanent disability became effective on April 13, 1991.

On September 16, 1993, the same day the judgment was entered on the black lung claim, plaintiff filed another claim, seeking workers' compensation benefits for the back injuries.

The employer filed a motion on October 18, 1993 requesting: that the judgment on the first (black lung) claim be amended to provide that the pneumoconiosis claim and the back injuries claim be consolidated; that the employer be held liable only for 83 percent of the first (black lung) award, because plaintiff went into that litigation with prior awards totalling 17 percent; that the Second Injury Fund be liable for at least 17 percent; that the employer be liable only for the back injuries under the last injurious injury rule; and that the employer be granted credit against his black lung total permanent benefits for the temporary total disability due to back injuries. This motion was denied on the date of the hearing for back injuries, and the back injuries claim was heard alone.

The court held that as a result of the back injuries, the plaintiff had sustained a 65 percent permanent partial disability to the body as a whole. The Second Injury Fund was once again dismissed, upon a finding that the back injuries were "the first injuries in time," i.e., before the pneumoconiosis, and that since plaintiff was not 100 percent permanently and totally disabled as a result of the back injuries, the Second Injury Fund was not liable.

On February 23, 1994, the trial court amended the black lung judgment, finding that the plaintiff was totally and permanently disabled due to black lung as of April 12, 1991. Further, the court allowed the employer credit against black lung total permanent benefits for the temporary total disability benefits paid by the employer due to back injuries from April 12, 1991 to September 2, 1991. The court refused to grant such credit to the employer for permanent partial disability benefits the employer paid due to

back injuries for the period September 2, 1991 to June 2, 1992.

The employee appeals the trial court's offset of temporary total benefits for back injury against total permanent benefits for black lung; the employer appeals the dismissal of the Second Injury Fund from liability in both cases and the denial of an offset of permanent partial disability benefits for back injuries against the black lung award. The Second Injury Fund contends the trial court erred in finding 65 percent permanent partial disability as to the back injuries when the employee was already 100 percent disabled due to pneumoconiosis and had not been rehabilitated.

The issues on appeal are: (1) whether the Second Injury Fund is liable for any benefits for the first award, which was based on coal miner's pneumoconiosis; (2) whether the Second Injury Fund is liable for any benefits for the second award, which was based on two back injuries; and (3) to what offsets against total permanent disability due to black lung, if any, the employer is entitled for payments made related to back injuries.

Defendant asserts that the Second Injury Fund is liable for at least 17 percent of the benefits awarded to plaintiff for black lung, since plaintiff had prior permanent partial disability awards of 17 percent when the trial court awarded 100 percent total permanent disability due to black lung.

**Tenn.Code Ann. § 50–6–301(6)—"Occupational diseases defined"**, defines diseases of the heart, lung and hypertension arising out of and in the course of any type of employment to be an occupational disease.

In *Huddleston v. P & L Coal Co.*, 587 S.W.2d 377 (Tenn.1979), the Supreme Court held that in cases of occupational disease, the last employer shall be totally liable for all the disability resulting from the occupational disease, and in *Moore v. Old Republic Insurance Co.*, 512 S.W.2d 564 (Tenn.1974), the court recognized that the Second Injury Fund is not liable for benefits due an employee by reason of the employee's having pneumoconiosis. Defendant argues that the decision of the Supreme Court in *Bazner v. American States Insurance Co.*, 820 S.W.2d

742 (Tenn.1991), altered the holdings and the applicable statute, Tenn.Code Ann. § 50–6–304, which provides the last employer is liable for all of the disability for occupational disease. The liability of the Second Injury Fund was not at issue in the *Bazner* case and we find no suggestion that there would be any different rule applied in cases arising from the reasoning in *Bazner*. The Second Injury Fund is not liable for benefits for pneumoconiosis. We therefore affirm the trial court's dismissal of the Second Injury Fund as to plaintiff's pneumoconiosis claim.

The employer asserts that the Second Injury Fund is liable for benefits for plaintiff's back injury. The objective of Tenn.Code Ann. § 50–6–208 is to limit the liability exposure of an employer to 100 percent total permanent disability workers' compensation benefits. *J.C. Reagan v. American Policyholders' Ins. Co.*, 842 S.W.2d 249 (Tenn.1991). If, in this case, the plaintiff had been previously determined to be 100 percent disabled because of an injury other than the occupational disease of pneumoconiosis or like disease, and had been rehabilitated and returned to work, the Second Injury Fund would face exposure as a result of the last injury. Also, if the plaintiff had previous, compensable injuries, other than pneumoconiosis, and the total disability injury from these exceeded 100 percent whole body impairment, the Second Injury Fund would be liable to the plaintiff for the percent of injury beyond 100 percent.

In this case, however, we are confronted with a unique composition of injuries: pneumoconiosis for which the Second Injury Fund would not be liable and a subsequent compensable back injury.

The plaintiff had prior awards totalling 17 percent permanent vocational impairment. He was then found to be 100 percent disabled due to pneumoconiosis and 65 percent disabled from his industrial back injury. The result is that the plaintiff, when all of these are totalled, is 182 percent permanently disabled to the whole body.

The Second Injury Fund was established to encourage employers to hire previously injured workers with the assurance

they will not be liable for more than 100 percent disability if the worker is injured again. However, the parties can not use pneumoconiosis disability as a basis upon which to add future disability and thereby implicate the Second Injury Fund. The employer in this case is liable for the 65 percent vocational disability resulting from the back injury and the trial court's judgment on this is affirmed.

■ Finally, we have before us the issue of whether the employer is entitled to offsets against total permanent disability due to black lung for payments made related to back injuries. The trial court allowed the employer credit for temporary total disability benefits paid for back injuries from April 12, 1991 to September 2, 1991 as an offset against black lung total permanent benefits. The court denied credit for permanent partial disability benefits paid due to back injuries for the period September 2, 1991 to June 2, 1992. None of the parties have cited, nor can we find, any precedent for allowing an employer to set off award for one disability against award for another. TENN.CODE ANN. § 50–6–114, which establishes the supremacy of the workers' compensation statutes, provides that "No contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this chapter as herein provided." See also, *Brown v. Western Elec. Co.*, 646 S.W.2d 912 (Tenn.1983); *Cantrell v. Electric Power Bd.*, 811 S.W.2d 84 (Tenn.1991). Accordingly, we reverse that part of the trial court's order which allows defendant to set off disability payments for back injury against disability payments for black lung.

The judgment of the trial court is affirmed in part, reversed in part and remanded. Costs are assessed to the appellant, Consolidated Coal Company.

PENNY J. WHITE, J., and WILLIAM H. INMAN, Senior Judge, concur.

## *JUDGMENT ORDER*

### PER CURIAM.

This case is before the Court upon motion for review pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well taken and should be denied; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Panel's opinion is for publication.

Costs will be paid by defendant-appellant-appellee, Consolidation Coal Company, and surety, for which execution may issue if necessary.

WHITE, J., not participating.