## IN THE SUPREME COURT OF TENNESSEE
### AT NASHVILLE

FILED

FOR PUBLICATION

December 7, 1998

Filed: December 7, 1998

Cecil W. Crowson
Appellate Court Clerk

BILLY R. PHILLIPS,                )
                                  )
    PLAINTIFF/APPELLEE,           )          Tennessee Claims Commission
                                  )
v.                                )
                                  )          Hon. W. R. Baker, Commissioner
TENNESSEE TECHNOLOGICAL           )
UNIVERSITY, STATE OF              )
TENNESSEE,                        )          No. 01S01-9708-BC-00173
                                  )
    DEFENDANTS/APPELLANTS.        )

FOR APPELLANT:

JOHN KNOX WALKUP
Attorney General and Reporter

MARY BYRD FERRARA
Assistant Attorney General

FOR APPELLEE:

RONALD THURMAN
Cookeville

# O P I N I O N

CLAIMS COMMISSION AFFIRMED IN PART                    HOLDER, J.

**OPINION**

We granted this appeal to address whether the State may be liable for discretionary costs pursuant to Tenn. R. Civ. P. 54.04(2) in a workers' compensation case. We hold that the State may only be taxed for costs expressly permitted by either the Tennessee claims commission statute or the Workers' Compensation Act.

**BACKGROUND**

The plaintiff, Billy R. Phillips, sustained a work-related injury while employed by the defendant, a state university. The plaintiff filed a motion to recover discretionary costs pursuant to Tenn. R. Civ. P. 54.04. The motion sought recovery for "expenses incurred by the plaintiff in preparation and prosecution of this case." Specifically, the plaintiff alleged he was entitled to recover: (1) the treating physician's fee of $150.00 for preparation of a C-32 form[1] in lieu of a deposition; (2) court reporter costs of $35.00 associated with the plaintiff's discovery deposition; and (3) a fee of $300.00 charged by a vocational disability expert who testified at trial.

The claims commission awarded the plaintiff permanent partial disability benefits of thirty percent to the body as a whole and $150.00 for the treating physician's fee in lieu of deposition. The claims commission denied the plaintiff's requests for the court reporter costs and for the vocational disability expert's fee. The Special Workers' Compensation Panel modified the plaintiff's disability award to thirty-seven percent to the body as a whole and remanded the case for an award of reasonable discretionary costs. The State has raised only one issue

---

[1]The Department of Labor Standard Form Medical Report.

2

on appeal to this Court:  whether the State may be held liable for discretionary costs.  We granted review and hold that the claims commission acted properly in denying discretionary costs other than the treating physician's fee for preparation of the C-32 form.

## ANALYSIS

The plaintiff argues that he is entitled to discretionary costs pursuant to both Tenn. R. Civ. P. 54.04 and our holding in Reagan v. American Policyholders' Ins. Co., 842 S.W.2d 249 (Tenn. 1992).  Rule 54.04 permits a prevailing party to recover court costs, discretionary costs, and interpreter costs. See Rule 54.04(1) (permitting recovery of costs included in the bill of costs); Rule 54.04(2) (allowing recovery of discretionary costs); Rule 54.04(3) (permitting appointment and payment for interpreter).  Rule 54.04(1) prescribes a limitation for the assessment of costs against the State as party to litigation.  This limitation provides that "costs against the state, its officers, or its agencies shall be imposed only to the extent permitted by law."  Id.

The claims commission has exclusive jurisdiction over workers' compensation claims against the State of Tennessee.  Tenn. Code Ann. § 9-8-307(a)(1)(K).  The claims commission statute expressly provides that "[t]he state will be liable for actual damages only . . . .  The state will not be liable for punitive damages and the costs of litigation other than court costs."  Tenn. Code Ann. § 9-8-307(d).

In Reagan v. American Policyholders' Ins. Co., 842 S.W.2d 249, 251 (Tenn. 1992), the trial court taxed to the Second Injury Fund a portion of the court costs and costs associated with the treating physician's fee and testimony.

3

Reagan dealt only with the assessment of costs against the Second Injury Fund. Reagan is readily distinguishable from the case now before us. Claims against the State, unlike those against the Second Injury Fund, are subject to the claims commission statutes.

Rule 54.04(2) permits discretionary costs. The claims commission statute specifically prohibits taxing discretionary costs against the state. Tenn. Code Ann. § 9-8-307(d). While Rule 54.04 is a rule of general application, § 9-8-307 is a legislative mandate with specific application to the State as a defendant. We hold that the specific mandate of § 9-8-307(d) takes precedence over the general discretionary costs provision, Rule 54.04(2). See Cooper v. Alcohol Comm. of the City of Memphis, 745 S.W.2d 278, 280 (Tenn. 1988) (holding specific statutory provisions take precedence over general rule provisions). Accordingly, the State may not be taxed discretionary or litigation costs absent an express legislative mandate.

The State's liability for workers' compensation claims is subject to the general provisions of the Workers' Compensation Act ("Act"). The Act provides:

> The fees charged to the claimant by the treating physician or a specialist to whom the employee was referred for giving testimony by oral deposition relative to the claim, shall, unless the interests of justice require otherwise, be considered a part of the costs of the case, to be charged against the employer when the employee is the prevailing party.

Tenn. Code Ann. § 50-6-226(c)(1). We, therefore, must determine whether this section may be interpreted as an express legislative mandate authorizing a litigation cost against the State in a workers' compensation case. The Tennessee claims commission statute excludes certain enumerated code sections from applicability in workers' compensation claims filed against the

4

State.  Tenn. Code Ann. § 9-8-307(K)(i).  Absent from this list of exclusions is § 50-6-226(c)(1).

A fundamental rule of statutory construction is that the mention of one subject in a statute means the exclusion of other subjects that are not mentioned.  State v. Davis, 940 S.W.2d 558, 561 (Tenn. 1997); Mike v. Po Group, Inc., 937 S.W.2d 790, 794 (Tenn. 1996); State v. Harkins, 811 S.W.2d 79, 82 (Tenn.1991) (holding omissions are significant when statutes are express in certain categories but not others).  Had the legislature intended to preclude application of § 50-6-226, it could have simply added this code section to the list of excluded code sections in § 9-8-307.  Accordingly, the State may be liable for fees charged to a workers' compensation claimant by a treating physician or specialist, as provided for in § 50-6-226(c)(1).

In the claim now before us, the plaintiff has requested reimbursement for the following expenses:  (1)  the fee charged by the treating physician relative to the claim; (2)  the cost of a court reporter for the plaintiff's discovery deposition; and (3)  the fee charged by vocational disability expert for appearance at trial.  As the prevailing party, the plaintiff is entitled only to the costs of the treating physician's fee pursuant to § 50-6-226.  The plaintiff's remaining two claims for discretionary costs are outside the ambit of § 50-6-226 and were properly denied.

The claims commission's judgment as to costs is affirmed.  The judgment as to the plaintiff's disability award stands as modified by the Special Workers' Compensation Panel at thirty-seven percent to the body as a whole.  Costs of this appeal shall be taxed equally against the plaintiff and defendants for which execution may issue if necessary.

_____

JANICE M. HOLDER, JUSTICE


**Panel:**

Anderson, C.J.
Drowota and Birch, J.J.

Reid, Sp.J., Not Participating