IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 13, 2005 Session

STATE OF TENNESSEE, ET AL. v. WANDA DEAN WALLACE, ET AL.

Appeal from the Circuit Court for Montgomery County
No. 50200336     Ross Hicks, Judge

No. M2004-00846-COA-R3-CV - Filed December 20, 2005

The State of Tennessee appeals the assessment of discretionary costs in an eminent domain action.
The property owner was awarded her discretionary costs after the jury awarded her damages in
excess of that tendered by the State. The State contends it is exempt from discretionary costs in
eminent domain actions. We agree.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J.,
and DONALD P. HARRIS, SR. J., joined.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; and Sharon
G. Hutchins, Assistant District Attorney General, for the appellee, State of Tennessee, on relation
of the Commissioner of the Department of Transportation.

James W. Fisher, Jr., Goodlettsville, Tennessee, for the appellee, Wanda Dean Wallace and
Montgomery County, Tennessee (for tax purposes only).

**OPINION**

Wanda Wallace owned a strip of land that was situated along one of the State's highway
projects in Montgomery County, Tennessee. The project necessitated the acquisition by the State
of a strip of Ms. Wallace's property and, in addition thereto, a temporary construction easement over
another portion of her property. The State filed this action, in an exercise of its power of eminent
domain, to acquire the requisite rights to Ms. Wallace's property. Although the taking by the State
did not involve a substantial amount of property relative to the amount owned by Ms. Wallace, it
significantly affected the remainder of her property.

An appraiser engaged by the State valued Ms. Wallace's property at $13,000. The State
deposited that amount with the court following the commencement of this action. Ms. Wallace
engaged the services of an appraiser who valued the property taken by the State in excess of $13,000.

Not being satisfied with the amount tendered by the State, Ms. Wallace demanded a jury trial to establish the compensation to which she was entitled.

The trial took place in November of 2003. The jury returned a verdict of $1,598 for the value of the property taken and an additional $13,402 for incidental damages to the remaining property.[1] Following the trial, Ms. Wallace sought to recover discretionary costs. The trial court awarded Ms. Wallace, as discretionary costs, the following expenses: the court reporter's appearance fee of $250, her appraiser's fee of $2,400 for two days of testimony, and her appraiser's fee of $3,000 for preparation of the appraisal report, for a total of $5,650.[2] The State appeals contending it is exempt from discretionary costs in eminent domain actions.[3]

## STANDARD OF REVIEW

The issue before us involves the interpretation of a statute and a rule of civil procedure, the construction of which are questions of law. The standard of review for questions of law is the de novo standard. *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 802 (Tenn. 2000).

The primary rule of statutory construction is "to ascertain and give effect to the intention and purpose of the legislature." *Carson Creek Vacation Resorts, Inc. v. Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993); *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002). Our duty is to seek a reasonable construction "in light of the purposes, objectives, and spirit of the statute based on good sound reasoning." *Scott v. Ashland Healthcare Ctr.,* Inc., 49 S.W.3d 281, 286 (Tenn. 2001), citing *State v. Turner*, 913 S.W.2d 158, 160 (Tenn. 1995). To determine legislative intent, we must look to the natural and ordinary meaning of the language in the statute. We must also examine any provision within the context of the entire statute and in light of its over-arching purpose and the goals it serves. *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000); *T.R. Mills Contractors, Inc. v. WRH Enters., LLC*, 93 S.W.3d 861, 867 (Tenn. Ct. App. 2002). The statute should be read "without any forced or subtle construction which would extend or limit its meaning." *Nat'l Gas Distribs., Inc. v. State*, 804 S.W.2d 66, 67 (Tenn. 1991).

We are to "give effect to every word, phrase, clause and sentence of the act in order to carry out the legislative intent." *Tidwell v. Collins*, 522 S.W.2d 674, 676-77 (Tenn. 1975); *In re Estate of Dobbins*, 987 S.W.2d 30, 34 (Tenn. Ct. App. 1998). We must also presume the General Assembly selected their words deliberately, *Tenn. Manufactured Hous. Ass'n. v. Metro. Gov't.*, 798 S.W.2d 254, 257 (Tenn. Ct. App. 1990), and the use of their words conveys some intent and carries meaning

---

[1] The jury neglected to award compensation for the temporary construction easement. As a consequence, Wallace moved for a new trial. At the hearing on the motion the trial court suggested an additur of $1,550 for compensation for the easement, which the State accepted.

[2] Ms. Wallace also incurred the appraiser's fee to prepare for the deposition and trial. She did not seek discretionary costs for these expenses.

[3] The issues on appeal are limited to the award of discretionary costs.

and purpose. *Tennessee Growers, Inc. v. King*, 682 S.W.2d 203, 205 (Tenn. 1984); *Clark v. Crow*, 37 S.W.3d 919, 922 (Tenn. Ct. App. 2000).

## PREPARATION OF THE APPRAISER'S REPORT

Tennessee Rule of Civil Procedure 54.04 provides that the "costs included in the bill of costs prepared by the clerk shall be allowed to the prevailing party unless the court otherwise directs, but costs against the state, its officers, or its agencies shall be imposed only to the extent permitted by law." Tenn. R. Civ. P. 54.04(1). It further provides:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. *Discretionary costs allowable are*: reasonable and necessary court reporter expenses for depositions or trials, *reasonable and necessary expert witness fees for depositions and trials*, reasonable and necessary interpreter fees for depositions and trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs. . . .

Tenn. R. Civ. P. 54.04(2). (emphasis added)

Although the prevailing party may recover, as discretionary costs, necessary expert witness fees for depositions and trials, Tenn. R. Civ. P. 54.04(2), not all fees charged by an expert witness may be recovered as discretionary costs. For example, prevailing parties cannot recover expert witness fees for preparation. *Massachusetts Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 38 (Tenn. Ct. App. 2002). Moreover, fees charged by an expert witness for "preparing" for depositions or trial, "no matter how reasonable and necessary," are not recoverable as discretionary costs. *Id*. (citing *Miles v. Marshall C. Voss Health Care Center*, 896 S.W.2d 773, 776 (Tenn. 1995)(other citations omitted)). As the Supreme Court has explained, an expert's fee for his trial testimony was an appropriate discretionary cost under Rule 54.04, but the expert's fee for evaluating an employee's disability was not. *Miles v. Marshall C. Voss Health Care Ctr.*, 896 S.W.2d 773, 776 (Tenn. 1995).

The discretion afforded the court under subsection (2) of Rule 54.04 is limited. Rule 54.04(2) does not afford the court the discretion to award costs other than or in addition to those specified in subsection (2). Discretionary costs allowable under Rule 54.04(2) are court reporter expenses for depositions or trials, expert witness fees for depositions and trials, interpreter fees for depositions and trials, and guardian ad litem fees. Moreover, the court's discretion relative to the fees of an expert witness is limited to "fees incurred for actual deposition or trial testimony." *McMurry v. Metro. Gov't of Nashville*, 2003 WL 535918 (Tenn. Ct. App. Feb. 26, 2003)(holding the trial court was correct to award fees for expert testimony and to disallow fees for trial preparation)(citing *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 239 (Tenn. Ct. App. 1998)).[4]

---

[4]Note however that some experts are furnishing reports, which are stipulated by adversaries to be accurate and truthful; thereby avoiding the necessity of a deposition of the expert. The 2004 amendment to Rule 54.04(2) permits

(continued...)

The trial court assessed the appraiser's fee for the preparation of his appraisal as discretionary costs against the State. A written appraisal by an appraiser is the equivalent of a report by an expert. Rule 54.04(2) does not authorize the assessment of a fee for the preparation of an expert's report. Therefore, it was error for the trial court to assess as discretionary costs the appraiser's fee for preparing his appraisal.

### DISCRETIONARY COSTS ASSESSED AGAINST THE STATE

The statutory power to assess costs against the State is in derogation of the State's sovereignty and must be strictly construed. *Matter of Harris*, 849 S.W.2d 334, 336 (Tenn. 1993)(citing *State ex rel. Chanaberry v. Stooksbury*, 145 S.W.2d 775, 776 (Tenn. 1940)). As a consequence, imposition of costs against the State may not be implied; it must be expressed. *Tennessee Small School Systems v. McWherter*, 1993 WL 295006, *3 (Tenn. Ct. App. Aug. 4, 1993). Moreover, authority to assess costs against the State cannot be implied from general statutes authorizing the imposition of costs. *Id*.

Tennessee Code Annotated § 29-17-812 authorizes the recovery of certain costs against the condemnor when the amount of compensation awarded at trial exceeds that deposited with the clerk of court.[5] The statute specifically authorizes the bill of costs, as prepared by the clerk, to be assessed against the condemnor; however, the statute defers to Rule 54.04 for the assessment of any additional (discretionary) costs. Tenn. Code Ann. §29-17-812.

Although Rule 54.04(2) permits the assessment of discretionary costs against the State to the extent assessment of such costs is "permitted by law," *State of Tennessee v. Parsons*, 1992 WL 389166, *3 (Tenn. Ct. App. Dec. 31, 1992), the rule, standing alone, does not expressly authorize the assessment of discretionary costs against the State. *Tennessee Small School Systems v. McWherter*, 1993 WL 295006, at *5. As a consequence, courts look to applicable statutes, if any, to determine whether the assessment of discretionary costs against the State is expressly authorized. *See Phillips v. Tennessee Technological Univ.*, 984 S.W.2d 217, 218-19 (Tenn. 1998)(denying the recovery of discretionary costs in a workers' compensation action based upon the conclusion the applicable workers' compensation statute did not expressly authorize the assessment of discretionary costs against the State).

This court upheld the assessment of discretionary costs against the State in a condemnation action. *Parsons,* 1992 WL 389166. We affirmed the assessment of discretionary costs against the State based upon Tennessee Code Annotated § 29-17-812(a) which then provided: "If the amount

---

[4](...continued)
recovery of "related expenses" as discretionary costs. *See* Advisory Commission Comment to 2004 Amendment.

[5]The State contends the statute does not apply to it because the statute uses the word "condemnor" instead of "state." We find no merit to this argument based upon the holdings in S*tate of Tennessee v. Parsons*, 1992 WL 389166, *3 (Tenn. Ct. App. Dec. 31, 1992) and *Tennessee Small School Systems v. McWherter*, 1993 WL 295006, at *5 (Tenn. Ct. App. Aug. 4, 1993).

of compensation awarded on the trial shall exceed the amount assessed by the condemnor, the condemnor shall pay *all the costs of the case. . . .*"[6] *Parsons,* 1992 WL 389166, at *3 (emphasis added)(citing Tenn. Code Ann. § 29-17-812(a)). The holding in *Parsons* turned on the combined effect of Tenn. R. Civ. P. 54.04(2) and Tennessee Code Annotated § 29-17-812(a). As the court explained,

> had it been the intention of the Rules to relieve the State of liability under Tennessee Rule of Civil Procedure 54.04 costs, it would have simply provided that costs may not be assessed against the State pursuant to Rule 54.04. The Rule does not so provide. So we must look to what is, in fact, "permitted by law."

*Parsons,* 1992 WL 389166, at *3.

The key element in the assessment of discretionary costs in *Parsons* was not Rule 54.04(2); it was Tennessee Code Annotated § 29-17-812(a). *See McWherter*, 1993 WL 295006 at *5 (explaining the *Parsons* court looked to Tennessee Code Annotated § 29-17-812(a) and not to Rule 54.04 to determine whether discretionary costs could be assessed against the State). The statute expressly mandated that "the condemning authority 'shall pay all costs of the case' where the amount of compensation awarded for the condemned property exceeds the amount originally assessed." *McWherter,* 1993 WL 295006 at *5 (quoting Tenn. Code Ann. § 29-17-812). The key element, however, is no longer in the statute. It was removed by a 1994 amendment. *See* 1994 Tenn. Pub. Acts ch. 931, §1. As a consequence, Tennessee Code Annotated § 29-17-812(a) no longer provides that the condemning authority shall pay "all of the costs." It now provides "[i]f the amount of compensation awarded at the trial shall exceed the amount assessed by the condemner and deposited with the clerk, then the bill of costs prepared by the clerk shall be taxed against the condemner. . . ." Tenn. Code Ann. § 29-17-812(a)(1).

The power to assess costs against the State is in derogation of the State's sovereignty, and statutory authorization to impose costs against it may not be implied, it must be express. With the 1994 amendment to Tennessee Code Annotated § 29-17-812, we no longer have express authority to assess costs, other than the clerk's bill of costs, against the State. There being no express authority to assess Ms. Wallace's discretionary costs against the State, we must vacate the award of discretionary costs of $5,650 against the State.

---

[6]The statute was amended in 1994 and the quoted section was deleted.

## IN CONCLUSION

The award of discretionary costs of $5,650 against the State is vacated, and this matter is remanded for entry of a judgment consistent with this opinion. Costs of appeal are assessed against appellee, Wanda Wallace.

_____
FRANK G. CLEMENT, JR., JUDGE