September 3, 1996
FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

**September 3, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

ELI MIKE, AN INDIVIDUAL;　　　　　(
JAMES A. SCHRAMPFER, AN　　　　(
INDIVIDUAL; AND JANE N.　　　　　(
FORBES, AS TRUSTEE IN　　　　　　(
BANKRUPTCY FOR THE ESTATE OF　(
DAVID L. OSBORN,　　　　　　　　(
　　　　　　　　　　　　　　　　(
　　　Plaintiffs-Appellants,　　　(
　　　　　　　　　　　　　　　　(
　　　　　　　　　　　　　　　　( Davidson Chancery
　　　　　　　　　　　　　　　　(
v.　　　　　　　　　　　　　　　( Hon. C. Allen High, Chancellor
　　　　　　　　　　　　　　　　(
　　　　　　　　　　　　　　　　( Appeal No. 01S01-9508-CH-00137
　　　　　　　　　　　　　　　　(
PO GROUP, INC., A TENNESSEE　　(
CORPORATION; JAMES W. (BILL)　 (
ANDERSON III, AN INDIVIDUAL;　　(
AND THE ESTATE OF HAROLD L.　　(
JENKINS,　　　　　　　　　　　　(
　　　　　　　　　　　　　　　　(
　　　Defendants-Appellees.　　　(


For Plaintiffs-Appellants:　　　　　　　For Defendants-Appellees:

Gary M. Brown　　　　　　　　　　William L. Harbison
Matthew J. Sweeney, III　　　　　　L. Webb Campbell, II
John C. Tishler　　　　　　　　　　Andrew J. Pulliam
Tuke, Yopp & Sweeney　　　　　　Sherrard & Roe, P.L.C.
　Nashville　　　　　　　　　　　　Nashville

　　　　　　　　　　　　　　　　　Denty Cheatham
　　　　　　　　　　　　　　　　　Cheatham & Palermo
　　　　　　　　　　　　　　　　　Nashville


## O P I N I O N


JUDGMENTS OF TRIAL COURT
AND COURT OF APPEALS REVERSED;
CASE REMANDED.　　　　　　　　　　　　　　　REID, J.

This case presents for review the decision of the Court of Appeals, affirming an award of summary judgment in favor of the defendants. The Court of Appeals held that the plaintiffs' suit charging the breach by a majority shareholder of a fiduciary duty owed to minority shareholders is barred by the one year statute of limitations. This Court concludes that the applicable period of limitations is three years and remands the case to the trial court to determine whether plaintiffs' action was time-barred.

**THE CASE**

All the individual and corporate parties in this case were involved in the operation of Po Folks restaurants. The plaintiffs are Eli Mike, James A. Schrampfer, and Jane N. Forbes, trustee in bankruptcy for David Osborn. Mike, Schrampfer, and Osborn were minority shareholders in one or more of the following corporations: Po Louisville, Inc., which operated restaurants in Louisville, Kentucky; Po Memphis, Inc., which operated restaurants in Memphis; and Po Jackson, Inc., which operated a restaurant in Jackson, Tennessee. The majority shareholder in each of these three corporations was the defendant Po Group, Inc. The defendants James W. (Bill) Anderson and Harold L. Jenkins (now deceased) owned equally all the shares of stock in Po Group, Inc. Anderson and Jenkins also owned shares of stock in Po Combination, Inc., which owned all the stock in four other corporations which operated Po Folks restaurants in other locations.

Anderson and Jenkins were officers and directors in Po Louisville, Inc.; Po Memphis, Inc.; Po Jackson, Inc.; Po Group, Inc.; and Po Combination, Inc.

In 1984, Po Combination, Inc. borrowed $2.3 million from Nashville City Bank. Anderson and Jenkins personally guaranteed a portion of the loan. In early 1985, the bank declared the loan in default. Pursuant to a new financing arrangement, the bank agreed to forebear collection of the $2.3 million loan and to extend an additional $900,000 line of credit to be used by Po Combination, Inc., Po Louisville, Inc., Po Memphis, Inc., and Po Jackson, Inc. as operating capital. Po Group, Inc. was formed in order to facilitate the new financing arrangement. All of the shares in Po Combination, Inc. and all the shares in Po Louisville, Inc., Po Memphis, Inc., and Po Jackson, Inc. owned by Anderson and Jenkins were transferred to Po Group, Inc. Unlimited guaranty agreements were executed by all the subsidiaries of Po Combination, Inc., and Po Louisville, Inc., Po Memphis, Inc., and Po Jackson, Inc. pledged all of their assets and also executed unlimited guaranty agreements to secure the $900,000 line of credit. Anderson and Jenkins also executed guaranty agreements for the $2.3 million and the $900,000 loans.

In December 1985, Po Group, Inc. finalized an agreement to sell the assets of all its subsidiary corporations, including Po Louisville, Inc., Po Memphis, Inc., and Po Jackson, Inc., to DineLite Corporation. The consideration for the sale was the release of all guaranty agreements made

to Nashville City Bank, including those executed by Anderson and Jenkins, and the receipt of stock in DineLite. The shareholder resolutions required for the approval of the sale were adopted by the vote of Po Group, Inc., the majority shareholder. The proposal was approved, and the transaction closed on June 30, 1986.

In September 1986, the plaintiffs filed suit, pursuant to Tenn. Code Ann. § 48-1-909 (repealed by Acts 1986, ch. 887, § 17.05 and Acts 1987, ch. 242, § 18.05) to enforce their dissenters' rights as minority shareholders and obtain payment for the fair market value of their stock. In that suit, the court determined the fair market value of the shares held by each to be as follows: Mike $325,865.60, Schrampfer $98,341.76, and Osborn $260,685.48. No payment was made to the plaintiffs because the corporations had no assets with which to make the payments. There were no insolvency proceedings, and there was no suit by or on behalf of the corporations to secure payments to the plaintiffs.

In the present suit, the plaintiffs allege that Po Group, Inc. as majority shareholder, breached a fiduciary duty owed to the plaintiffs as minority shareholders. They contend that the sale of the assets owned by Po Louisville, Inc., Po Memphis, Inc., and Po Jackson, Inc., approved by the vote of Po Group, Inc. as the majority shareholder in each of those corporations, and the disposition of the consideration received, rendered the corporations unable to pay the plaintiffs the value of their stock as

-4-

determined by the court in the 1986 proceeding. They contend that the only

consideration of value received in exchange for the corporations' assets was

the release of Anderson's and Jenkins' guaranty agreements. They allege,

in conclusion, that by their action, Po Group, Inc., as majority shareholder,

breached a fiduciary duty owed to the plaintiffs as minority shareholders.

The plaintiffs also contend that they should be allowed to pierce the

corporate veil of Po Group, Inc. and collect any judgments rendered in their

favor from Anderson and Jenkins personally.

After the completion of discovery, the defendants Po Group,

Inc., Anderson, and Jenkins filed motions for summary judgment, on several

grounds: they claimed that the suit was barred by the one year statute of

limitations governing breach of fiduciary duties by directors and officers,

Tenn. Code Ann. § 48-18-601; that, in the alternative, the suit was barred by

the three year statute of limitations governing claims for property damage,

Tenn. Code Ann. § 28-3-105; and that there was no material evidence

justifying the piercing of Po Group, Inc.'s corporate veil. The trial court found

that the plaintiffs' claims were barred by the one year statute of limitations

set forth in Tenn. Code Ann. § 48-18-601 and granted the defendants'

motions for summary judgment on this basis.

The Court of Appeals affirmed. That court held that the statute

of limitations on all of the claims expired on January 1, 1989, one year after

the effective date of Tenn. Code Ann. § 48-18-601. The Court of Appeals

rejected the plaintiffs' contention that Tenn. Code Ann. § 48-18-601 does not

apply, with the conclusion:  "Regardless of how plaintiffs choose to couch

their claim, they are alleging breach of fiduciary duties by officers and

directors, and their suit is barred by the one-year statute of limitations."

## STANDARD OF REVIEW

In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts in this state have indicated that the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence.  Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied.  The court is not to "weigh" the evidence when evaluating a motion for summary judgment.  The court is simply to overrule the motion where a genuine dispute exists as to any material fact.  The phrase "genuine issue" contained in Rule 56.03 refers to genuine factual issues and does not include issues involving legal conclusions to be drawn from the facts. The critical focus is limited to facts deemed "material," which is to say those facts that must be decided in order to resolve the substantive claim or defense at which the motion is directed.

Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993) (citations omitted).

## ANALYSIS

I

Since summary judgment was granted on the ground that the plaintiffs' causes of action were barred by the one year statute of limitations, the Court must determine which statute of limitations applies to the plaintiffs' suit, which depends upon the nature of the cause of action alleged. The gravamen of a complaint and the injury alleged determine which statute of limitations applies. Vance v. Schulder, 547 S.W.2d 927, 931 (Tenn. 1977). To ascertain the gravamen of the action, the Court must look to the basis for which damages are sought. Bland v. Smith, 197 Tenn. 683, 277 S.W.2d 377, 379 (1955).

The complaint alleges that the majority shareholder, Po Group, Inc., breached a fiduciary duty owed to them as minority shareholders.[1] Tennessee courts have stated that majority shareholders owe a fiduciary duty to minority shareholders. See Nelms v. Weaver, 681 S.W.2d 547, 549 (Tenn. 1984); Dale v. Thomas H. Temple Co., 186 Tenn. 69, 208 S.W.2d 344, 352 (1948); McCampbell v. Fountain Head R.R. Co., 111 Tenn. 55, 77 S.W. 1070, 1073 (1903); Johns v. Caldwell, 601 S.W.2d 37, 41 (Tenn. Ct. App. 1980). However, those cases are significantly different from the present case in the substance of the allegations. In the present case, the plaintiffs allege that the proceeds from the sale of corporate assets were

---

[1]The pleadings do not put at issue whether the complaint states a cause of action upon which the plaintiffs are entitled to relief.

unfairly distributed by the defendant Po Group, Inc. to the defendants Anderson and Jenkins. The complaint does not otherwise define the duty or the wrong. The allegations do not indicate clearly the "gravamen of the action." The legal wrong of which the plaintiffs complain is uncertain. The complaint does not charge fraud; however, there is found in the complaint the statement that the breach of fiduciary duty by the <u>defendants</u> included "the diversion and/or misappropriation" of assets. Even then, the legal duty that was violated is not entirely clear.

The plaintiffs seek no judgment of liability for wrongdoing against Anderson and Jenkins. The complaint against Anderson and Jenkins is that their relationship with the majority shareholder, Po Group, Inc., was such that the plaintiffs should be allowed to pierce the corporate veil and collect from the individual defendants the value of their shares of stock.

II

There appears to be no Tennessee statute or decision directly addressing the period of limitations for the breach of a fiduciary duty by a majority shareholder. The statute which the trial court and the Court of Appeals found applicable, Tenn. Code Ann. § 48-18-601, is part of the Tennessee Business Corporation Act which was enacted in 1986. The Act,

by its terms, became effective on January 1, 1988. Section 48-18-601 provides:

>Any action alleging breach of fiduciary duties by directors or officers, including alleged violations of the standards established in § 48-18-301 [for directors], § 48-18-302 [for directors] or § 48-18-403 [for officers], must be brought within one (1) year from the date of such breach or violation; provided, that in the event the alleged breach or violation is not discovered nor reasonably should have been discovered within the one-year period, the period of limitation shall be one (1) year from the date such was discovered or reasonably should have been discovered. In no event shall any such action be brought more than three (3) years after the date on which the breach or violation occurred, except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after the alleged breach or violation is, or should have been, discovered.

In American Network Group, Inc. v. Kostyk, 804 S.W.2d 447 (Tenn. Ct. App. 1990), the Court of Appeals applied Section 48-18-601 to a cause of action against a corporate officer for breach of fiduciary duties that had arisen prior to the effective date of the statute. The Court of Appeals held that the application of Section 48-18-601 to a cause of action that arose prior to January 1, 1988 resulted in the former limitation period of six years being shortened to one year, beginning on the effective date of the statute, January 1, 1988, and ending on January 1, 1989.

Under the rule set forth in Kostyk, any right the plaintiffs may

have had to recover from Anderson or Jenkins for breach of their fiduciary duties as officers or directors of any of the three subsidiary corporations or Po Group, Inc. expired on January 1, 1989, prior to the date on which the present suit was filed, June 30, 1989. The plaintiffs acknowledge that Section 48-18-601 bars recovery from Anderson or Jenkins for any breach of fiduciary duties as officers or directors.

However, the plaintiffs dispute the applicability of Section 48-18-601 to the corporate defendant Po Group, Inc., the majority shareholder of each of the three subsidiary corporations in which the plaintiffs owned stock. When this transaction was consummated on June 30, 1986, Tenn. Code Ann. § 48-1-907 (1984) (repealed Jan. 1, 1988) provided that any sale by a corporation of all or substantially all of its property must have the prior approval of shareholders owning at least two-thirds (2/3) of the stock of the corporation. Thus, the action of Po Group, as the majority shareholder in the three subsidiary corporations, was essential to the consummation of the sale.

In this case, the allegation of wrongdoing is directed at Po Group, Inc., which was not an officer or director of the subsidiary corporations. In its interpretation of Section 48-18-601, the Court of Appeals failed to distinguish between breach of fiduciary duty by officers and directors and breach of fiduciary duty by majority shareholders. The Court of Appeals' interpretation of Section 48-18-601 to include shareholders is not

supported by prior cases dealing with statutes of limitations.  In <u>Lawman v.</u>

<u>Barnett</u>, 177 S.W.2d 121, 124 (Tenn. 1944), the Court held that a statute of

limitations which, by its terms, barred recovery under a promissory note did

not prevent the holder of the note from foreclosing on a mortgage that

secured the note.  The Court noted that a statute of limitations should not be

applied if a strained construction of the statute is necessary.  <u>Id.</u> at 128.  In

<u>Resolution Trust Corp. v. Wood</u>, 870 F. Supp. 797 (W.D. Tenn. 1994), a

federal case applying Tennessee law, the amended complaint alleged that

the directors and officers of a failed bank were liable for breach of implied

contract, breach of fiduciary duty, gross negligence, negligence, and

negligence per se.  In holding that Tenn. Code Ann. § 48-18-601 applied

only to the cause of action that was covered by the express terms of the

statute, the court stated:

> As an initial matter, the Court must note that
> the defendants' attempt to lump all five causes of
> action under Tenn. Code Ann. § 48-18-601, the
> statute regarding breaches of fiduciary duty, is
> inappropriate.  The statute applies expressly to
> breaches of fiduciary duty.  Tenn Code Ann. § 48-
> 18-601.  Hence, for the Court to include other
> causes of action which were not addressed by the
> state legislature, the Court would be operating in a
> legislative posture as opposed to its judicial role.

<u>Id.</u> at 806.

"[I]t is a rule of statutory construction that . . . the mention of

one subject in a statute means the exclusion of other subjects that are not

mentioned." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). When a statute expressly mentions certain categories and not others, the "omission is significant, and it would be inappropriate for this Court to imply an entirely new topic into a statute that does not seek to address it in the first instance." Id. On this point, it is significant that Tenn. Code Ann. § 48-18-601 appears in Chapter 18 of Title 48, a chapter dealing exclusively with directors and officers. There is no corresponding provision in Chapter 17 which relates to the shareholders.

Since, by its express terms, Section 48-18-601 applies to the breach of fiduciary duties by "directors or officers," and not to majority shareholders, its one year limitations period does not apply to the actions of Po Group, Inc. in its capacity as majority shareholder of the three subsidiary corporations.

III

The allegations of the complaint in this case perhaps approach the common law action of deceit. In Vance v. Schulder, 547 S.W.2d 927, 933 (Tenn. 1977), the Court held that the applicable statute of limitations was three years in a suit based on the claim that the sale of the plaintiff's stock for less than its full value was induced by the fraudulent representations of the defendant. In that case, a minority shareholder sued the directors of the company alleging that the directors' misrepresentations

of the value of the plaintiff's stock induced the plaintiff to sell his stock at less than its fair value.  The Court held that the claim was grounded in the tort of deceit for which the statute of limitations is three years.  Id. at 932.  In a federal case interpreting Tennessee law, Cumberland & Ohio Co. of Texas, Inc. v. First Am. Nat'l Bank, 936 F.2d 846, 848 (6th Cir. 1991), cert. denied, 502 U.S. 1034, 112 S. Ct. 878 (1992), the Sixth Circuit Court of Appeals held that the three year statute applied in a suit for damages incurred because the plaintiff was forced by the defendant bank, pursuant to a financing agreement, to sell property for less than its fair value.  The court found that the substance of the alleged wrong, economic duress, was indistinguishable from deceit, and that the suit was barred by the three year statute of limitations.  Id. at 849.  Other jurisdictions which have considered the limitations period applicable to actions by minority shareholders against majority shareholders alleging breach of fiduciary duty have held that such actions are governed by the statute of limitations for tortious injury to property.  See, e.g., Kirley v. Kirley, 521 N.E.2d 1041, 1042 (Mass. Ct. App. 1988); Crosby v. Beam, 615 N.E.2d 294, 300 (Ohio Ct. App. 1992); Russell v. Campbell, 725 S.W.2d 739, 744 (Tex. Ct. App. 1987).  There is a "growing common law trend to declare 'that a breach of fiduciary duty is a tort.'"  Kirley, 521 N.E.2d at 1043.  The conclusion is that the applicable limitations period is three years as provided in Tenn. Code Ann. § 28-3-105.

**IV**

The plaintiffs contend that the limitations period started to run when the sale to DineLite was closed, which was less than three years prior to the date the suit was filed, and that, therefore, the suit is not barred by the three year statute. The defendants' position is that the period began when the plaintiffs were furnished disclosure statements regarding the sale and that, therefore, the suit is barred by the statute.

The trial court, in ruling on the motion for summary judgment, did not rule on when the limitations period commenced. Consequently, this issue must be determined on remand.

## V

In its order denying the defendants' motion to dismiss, the trial court held that "there are sufficient allegations in plaintiffs' complaint that, if proven, would permit them to pierce the corporate veil and sue defendants in their individual capacities." Because the trial court later concluded, after the defendants filed motions for summary judgment, that all of the plaintiffs' claims are barred by the one-year statute of limitations, it did not address that issue further.

Ordinarily, a determination of whether to pierce the corporate veil is not appropriate for summary judgment. In Electric Power Bd. of Chattanooga v. St. Joseph Valley Structural Steel Corp., 691 S.W.2d 522,

526 (Tenn. 1985), the Court stated:

> The conditions under which the corporate entity will be disregarded vary according to the circumstances present in each case and the matter is particularly within the province of the trial court. Moreover, a determination of whether or not a corporation is a mere instrumentality of an individual or a parent corporation is ordinarily a question of fact for the jury.

In the present case, there are genuine issues of material fact which preclude summary judgment on the plaintiffs' attempt to pierce the corporate veil of Po Group and hold Anderson and Jenkins personally liable.

## CONCLUSION

_____ The period of limitations applicable to the allegations stated in the complaint is three years. Because the record presents genuine issues of material fact which preclude summary judgment on whether the plaintiffs may pierce the corporate veil of Po Group, Inc., Anderson and Jenkins shall remain as defendants.

The judgment of the Court of Appeals affirming the trial court's grant of summary judgment in favor of the defendants is reversed, and the case is remanded to the trial court for further proceedings.

Because the case is reversed and remanded for trial, the

discretionary costs judgment against the plaintiffs is vacated.

Costs of this appeal are taxed to the appellees.


_____
REID, J.

Concur:

Birch, C.J., Drowota, Anderson,
    and White, JJ.