# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## KARUNA T. SONI, ET AL. v. KENNETH P. TULLY, ET AL.

**Extraordinary Appeal from the Circuit Court for Davidson County**
**No. 97C2033     Marietta M. Shipley, Judge**

---

**No. M2000-00594-COA-R10-CV - Decided April 7, 2000**

---

This extraordinary appeal involves an automobile collision. The driver of the automobile that was struck from behind and her husband filed a negligence action in the Circuit Court for Davidson County against the driver and record owner of the automobile that struck her. The trial court granted the plaintiffs' motion for partial summary judgment on the issue of the driver's liability. The defendants applied for an extraordinary appeal after the trial court declined to grant them an interlocutory appeal. We have determined this is a proper case for an extraordinary appeal and that the plaintiffs are not entitled to a partial summary judgment because of the existence of material factual disputes regarding liability. Accordingly, pursuant to Tenn. Ct. App. R. 10(b),[1] we reverse the partial summary judgment and remand the case for further proceedings.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court Reversed.**

KOCH, J., delivered the opinion of the court, in which CANTRELL, P.J., M.S. and COTTRELL, J. joined.

Michael Parks Mills and William Bryan Smith, Nashville, Tennessee, for the appellants, Kenneth P. Tully and Dorothy S. Tully.

Joseph Y. Longmire, Hendersonville, Tennessee, for the appellees Karuna T. Soni and Sushil K. Soni.

---

[1]Tenn. Ct. App. R. 10(b) provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

**MEMORANDUM OPINION**

On August 7, 1996, Karuna T. Soni was driving north in the middle lane of Interstate 65 in Davidson County. Her Mercedes was directly in front of a 1991 Pontiac Grand Am being driven by Kenneth P. Tully who was driving home from work. Mr. Tully's attention was distracted momentarily by "a loud noise . . . that sounded like a truck," causing him to glance away from the road in front of him. While his attention was diverted, the traffic in front of him "stopped . . . suddenly and without warning." Mr. Tully was unable to stop his automobile and struck the rear end of Ms. Soni's automobile.

Ms. Soni and her husband filed suit against Mr. Tully and his mother in whose name the Pontiac was titled.[2] Following discovery, Ms. Soni and her husband moved for a partial summary judgment on "all issues of liability." Mr. Tully responded by asserting that summary judgment was not warranted because he had not acted negligently by looking to his left to determine the cause of the loud noise he had heard. On February 2, 2000, the trial court granted the motion for summary judgment with regard to Mr. Tully's liability but reserved deciding the "vicarious liability" of Mr. Tully's mother. Thereafter, the trial court set the case for trial on April 10, 2000 and denied Mr. Tully's application for an interlocutory appeal.

On March 15, 2000, Mr. Tully filed an application for extraordinary appeal with this court asserting that the trial court erred by granting the partial summary judgment on the issue of his liability. We directed Ms. Soni to respond to Mr. Tully's application and also directed the clerk of the trial court to certify and forward copies of the motion for partial summary judgment and all documents in support of or in opposition to the motion. Based upon the application, the response, the supporting documents, and the portion of the record certified and filed by the trial court clerk, we have determined that no further briefing or argument is necessary and that the interests of the parties require us to proceed to the merits of the extraordinary appeal. Thus, in accordance with Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24-26, and 29, and find that oral argument is unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 15, 1997) *pet. reh'g denied* (Tenn. Ct. App. Dec. 30, 1997) (No Tenn. R. App. P. 11 application filed).

**I.**

Summary judgments are not entitled to a presumption of correctness on appeal. *See City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn.1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn.1996). Thus, on appeal from a summary judgment, the reviewing court must make a fresh determination concerning whether the requirements of Tenn. R.

---

[2]Mr. Tully denied that his mother owned the automobile even though it was titled in her name. He asserted that he is the primary driver and that he is personally responsible for paying the note and insurance premiums and for maintaining the automobile.

Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn.1997).

A summary judgment is warranted only when there are no genuine, material factual disputes with regard to the claim asserted and when the moving party is entitled to a judgment as a matter of law. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995). Reviewing courts must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn.1996). We will not affirm a summary judgment if any doubt or uncertainty exists with regard to the facts or the conclusions to be drawn from the facts. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995); *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn.1993). Accordingly, to survive a summary judgment motion, the non moving party need only demonstrate that reasonable persons might draw different conclusions from the facts. *See McCall v. Wilder*, 913 S.W.2d at 157.

The Sonis' motion for summary judgment asserts that they are entitled to a judgment as a matter of law because Mr. Tully and his mother cannot attribute any fault to Ms. Soni. While it may be undoubtedly true that Ms. Soni is without fault, her lack of negligence does not necessarily prevent reasonable jurors from determining that Mr. Tully himself was not negligent in light of his "distraction" and "sudden emergency" defenses.

We would not second-guess the trial court's action were we reviewing a decision following a bench trial. However, we are reviewing a summary judgment. Accordingly, we must view the evidence in the light most favorable to Mr. Tully, and we must draw all reasonable inferences in his favor. From this vantage point, we have concluded that reasonable jurors could reach different conclusions as to whether Mr. Tully was acting with reasonable prudence when the collision occurred. Because conducting a trial on the issue of damages will most likely involve much of the same proof that will be required for a full trial, trying the issue of liability should not greatly increase the time and expense of the litigation.

**II.**

We reverse the partial summary judgment regarding Mr. Tully's liability and remand the case for further proceedings. We tax the costs of this appeal to Karuna T. Soni and Sushil K. Soni for which execution, if necessary, may issue.