# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 5, 2003 Session

## BARRY ROBINSON, ET AL. v. DONALD BROOKS, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 01-793-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2003-00185-COA-R3-CV - Filed November 3, 2003**

---

This case involves the sale by auction of certain real property in Davidson County. The buyers brought suit in Davidson County Chancery Court seeking specific performance or, in the alternative, damages for breach of contract. From the trial court's grant of summary judgment for the defendants, the plaintiff buyers appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and ALAN E. GLENN, SP. J., joined.

H. Anthony Duncan, Nashville, Tennessee, for the appellants, Barry Robinson and Sharon Robinson.

C. Douglas Fields, Crossville, Tennessee, for the appellees, Donald Brooks and Wanda Brooks.

## OPINION

The buyers in this case, the Robinsons, were the successful bidders on a certain lot of real property offered at auction by the appellees Donald and Wanda Brooks. Colson Realty, Co. conducted the auction on September 28, 2000. The parties executed a written contract for sale which recited the terms from the auction including a requirement that the sale be closed by October 28, 2000. That closing date was re-scheduled by agreement to October 31, 2000. When that day approached, the Robinsons requested that the closing be re-scheduled to November 3, 2000. The sellers agreed. On that date the sellers appeared and executed their portion of the closing documents. The Robinsons did not appear having been unable to obtain suitable financing for the purchase of the property. The Robinsons again requested a new closing date, which request the Sellers refused.

The Robinsons filed the instant action seeking damages for breach of the sale contract, or in the alternative, specific performance. The defendants filed a Motion for Summary Judgment, unsupported by an affidavit, and alleging that under the undisputed facts as presented in the pleadings and the record, the defendants were entitled to judgment as a matter of law. The

Robinsons responded, arguing the existence of a genuine issue of material fact, namely whether in light of the waiver of the first closing date, the defendants had allowed a reasonable time within which the plaintiffs could perform. The trial court granted summary judgment for the defendants and Robinsons appeal. The Robinsons argue that since these factual issues existed, summary judgment was improper.

A Tennessee Rule of Civil Procedure 56 Motion for Summary Judgment asserts that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Tenn.R.Civ.P. 56. The burden of the moving party is to affirmatively show by record that the non-moving cannot establish an essential element of the claim as proffered, or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn.1998). It is well settled that, when a defendant seeks summary judgment with or without supporting affidavits, the Motion should be granted only when the undisputed facts shown by the record are supportive of but one conclusion, that conclusion being that the movant is entitled to judgment as a matter of law. *See Carvel v.* Bottoms, 900 S.W.2d 23, 26 (Tenn.1995); Davis *v. Campbell*, 48 S.W.3d 741, 745 (Tenn.Ct.App.1997); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995). *See also*, Tenn.R.Civ.P. 56.02; 56.04. The grant of summary judgment enjoys no presumption of correctness on appeal. *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn.1996). On review of summary judgment, this Court evaluates the evidence in the record in the light most favorable to the nonmoving party allowing all reasonable inferences in the nonmoving party's favor. *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn.1996). In applying these standards to the case at bar, this Court finds the following facts to be undisputed. The contract between the parties contemplated the original closing date of October 28, 2000. The closing date was moved twice. At the November 3, 2000 closing date agreed to by the parties the Robinsons failed to appear with the remainder of the purchase price described in the written agreement. These are the facts material to the sale of the real property and these are undisputed. There is no showing in the record before this Court that the plaintiffs requested anything other than a new date certain for closing and then failed, for whatever reason, to carry through with their promise to perform.

By the undisputed facts in the record, there is no "legal effect" to the waived October 28 closing date. The agreement between these parties established a final closing date of November 3, 2000. In light of this undisputed modification of the existing contract, and in the absence of any statements by the parties to the contrary at the time of modification, the buyers as well as the sellers were bound to perform as promised. The Robinsons argue that five days is not a "reasonable time" allowed for performance. Viewing the record in the light most favorable to the nonmovant plaintiffs, this Court finds that the original date of October 28, 2000 was waived, and that the plaintiffs attempted other means of obtaining the cash due at closing pursuant to the existing agreement between the parties. Both parties twice agreed to re-schedule the closing after October 28. On the last re-scheduled date, the plaintiffs had yet to provide cash for closing. There is no showing that the plaintiffs wanted to delay closing indefinitely. There is likewise no showing that the defendants had failed to cooperate or otherwise refused to attend the closing date of November 3. Under the circumstances summary judgment was proper.

The judgment of the trial court is affirmed in all respects. Costs of this appeal are taxed against Appellants, for which execution may issue.

_____
WILLIAM B. CAIN, JUDGE