# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE


## HARLAN THOMAS ET AL. V. JOHN CARPENTER ET AL.

**Appeal from the Circuit Court for Cheatham County**
**No. 5508     George Sexton, Judge**

---

**No. M2005-00993-COA-R9-CV - Filed June 29, 2005**

---

This interlocutory appeal involves a plaintiff who was injured while helping the contractor building his house cut a board. The sole issue concerns whether the contractor is equitably estopped from asserting the statute of limitations as a defense to the plaintiff's claims. The trial court determined that, by paying the plaintiff $10,000 for his medical expenses, the contractor's insurance company induced the plaintiff to believe the matter would be settled amicably without the necessity of a lawsuit. Thus, the trial court denied the contractor's motion for summary judgment, but granted the contractor an interlocutory appeal pursuant to Tenn. R. App. P. 9. We concur with the trial court that an interlocutory appeal will prevent needless, expensive and protracted litigation. We also agree that summary judgment is not appropriate because genuine issues of material fact exist. However, the trier of fact should decide whether the $10,000 payment induced the plaintiff to believe that the matter would be settled amicably, and, therefore, we vacate the trial court's order to the extent it makes specific findings with regard to the plaintiff's beliefs stemming from the $10,000 payment.[1]

## Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court
## Affirmed in Part and Reversed in Part

WILLIAM C. KOCH, JR., P.J., M.S., WILLIAM B. CAIN, and FRANK G. CLEMENT, JR., JJ., delivered the opinion of the court.

John R. Tarpley and Samuel L. Jackson, Nashville, Tennessee, for the appellants, John Carpenter and John Carpenter Homes, Inc.

James Bryan Moseley, Nashville, Tennessee, for the appellees, Harlan Thomas and Kimberly Thomas.

---

[1]The Tenn. R. App. P. 9 application and answer fully set forth the parties' positions and the material facts. Therefore, pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24, 25, and 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed).

**MEMORANDUM OPINION**[2]

**I.**

Harlan and Kimberly Thomas decided to build a new house in Cheatham County and hired John Carpenter and John Carpenter Homes, Inc. as their general contractor. On October 8, 2002, Mr. Thomas was visiting the work site when Mr. Carpenter asked for his assistance in cutting a board. Mr. Thomas held the board while Mr. Carpenter cut it with a circular saw. At some point, Mr. Thomas changed positions. When Mr. Carpenter restarted the saw, it jumped and cut Mr. Thomas's hand. Mr. Thomas was taken to the hospital where surgery was performed to repair the damage.

Mr. Carpenter turned the matter over to his insurance company, Zurich North American Insurance Company ("Zurich"). A few weeks after the accident, Mr. Thomas contacted Andrew Thompson, the claims adjuster for Zurich, to get a better understanding of how his medical bills would be handled. Mr. Thomas and Mr. Thompson spoke three times during the year following the accident. While the parties agree that Mr. Thompson advised Mr. Thomas that his medical bills would be paid up to $10,000, there is a dispute as to what Mr. Thompson said regarding which, if any, additional claims would be paid and the need for Mr. Thomas to hire an attorney. There is no dispute that Zurich actually paid Mr. Thomas $10,000 within a few months of the accident.

On October 10, 2003, Mr. Thompson informed Mr. Thomas that he would receive no further payments from Zurich because the one-year statute of limitations period had run. Mr. Thomas and his wife promptly filed this lawsuit on October 14, 2003. The defendants then filed a motion for summary judgment asserting that the complaint was filed outside the one-year statute of limitations provided by Tenn. Code Ann. § 28-3-104. The Thomases responded that the defendants are equitably estopped from asserting their statute of limitations defense based on the actions of Mr. Thompson and Zurich. The trial court denied the motion for summary judgment, specifically finding that the $10,000 payment made by Zurich induced Mr. Thomas to believe the matter would be settled amicably without the necessity of a lawsuit.

**II.**

A trial court's ruling on a motion for summary judgment is not entitled to a presumption of correctness on appeal. *City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997);

---

[2]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). Thus this court must make a fresh determination concerning whether the requirements of Tenn. R. Civ. P. 56 have been met. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997).

A summary judgment is warranted only when there are no genuine, material factual disputes with regard to the claim asserted and when the moving party is entitled to a judgment as a matter of law. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). We must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn. 1996). Summary judgment cannot be granted if any doubt or uncertainty exists with regard to the facts or the conclusions to be drawn from the facts. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995) ; *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). Accordingly, to survive a summary judgment motion, the nonmoving party need only demonstrate that reasonable persons might draw different conclusions from the facts. *McCall v. Wilder*, 913 S.W.2d at 157.

There is no dispute that the Thomases filed their complaint outside the one-year statute of limitations. The Thomases assert, however, that the defendants are equitably estopped from asserting the statute of limitations defense because the defendants induced them to believe the matter would be settled amicably. The doctrine of equitable estoppel may be applied to prevent a defendant who has actively induced a plaintiff to delay filing suit from asserting the statute of limitations as a defense. *Fahrner v. S.W. Mfg., Inc.*, 48 S.W.3d 141, 145 (Tenn.2001). The doctrine should be invoked sparingly, however, to defeat an otherwise valid statute of limitations defense. *Hardcastle v. Harris*, ___ S.W.3d ___, ___, 2004 WL 2821276, at *11 (Tenn. Ct. App. 2004), *perm app. denied* (Tenn. 2005). Determining whether to invoke equitable estoppel requires the courts to examine the facts and circumstances of the particular case to determine whether the defendant's conduct is sufficiently unfair or misleading to outweigh the public policy favoring statutes of limitations. *Hardcastle v. Harris*, ___ S.W.3d at ___, 2004 WL 2821276, at *11.

The party invoking the doctrine of equitable estoppel bears the burden of proof. *Carlton v. Davis*, No. M2002-01189-COA-R3-CV, 2003 WL 1923825, at *5 (Tenn. Ct. App. 2003), *perm app. denied* (Tenn. 2003); *Bokor v. Holder*, 722 S.W.2d 676, 680 (Tenn. Ct. App. 1986). The focus of the inquiry is on the defendant's conduct and the reasonableness of the plaintiffs' reliance on that conduct. *Fahrner v. S.W. Mfg., Inc.*, 48 S.W.3d at 146. To prevail, a plaintiff must demonstrate that the defendant lulled it into putting off filing its suit by conduct, suggestions, or assurances that the defendant knew or should have known would induce the plaintiff to delay filing suit. *Fahrner v. S.W. Mfg., Inc.*, 48 S.W.3d at 145. Evidence of vague statements or ambiguous behavior by a defendant is not sufficient. Rather, the plaintiff must identify specific promises, inducements, representations, or assurances by the defendant that reasonably induced the plaintiff to delay filing suit. *Hardcastle v. Harris*, ___ S.W.3d at ___, 2004 WL 2821276, at *11. However, actual fraud, bad faith, or intent to mislead or deceive on the part of the defendant is not necessary to invoke equitable estoppel. *Church of Christ v. McDonald,* 180 Tenn. 86, 95, 171 S.W.2d 817, 821-22 (1943). A promise to

pay or otherwise satisfy the plaintiff's claim without filing suit may be sufficient to justify application of the doctrine. *Brick Church Transmissions, Inc. v. Southern Pilot Ins. Co.*, 140 S.W.3d 324, 335 (Tenn. Ct. App. 2003).

Viewing the evidence in the light most favorable to the Thomases, a genuine material factual dispute exists as to what Mr. Thompson told Mr. Thomas regarding the payment of Mr. Thomas's additional claims and the need for Mr. Thomas to hire a lawyer. Moreover, a genuine, material dispute exists as to the inferences to be drawn from the conversations between Mr. Thompson and Mr. Thomas and from the $10,000 payment made by Zurich. Accordingly, summary judgement in not appropriate.

Had the trial court denied the motion for summary judgment based solely on the existence of disputed facts, we would have affirmed that decision in full. However, the trial court made a specific finding that the $10,000 payment by Zurich "did induce the plaintiff to believe that the matter would be settled amicably without the necessity of a lawsuit, and, for this reason, the plaintiff delayed filing his suit." This finding implies that the Thomases have not only avoided summary judgment but have already prevailed on a key portion of their equitable estoppel claim as a matter of law. What the $10,000 payment induced Mr. Thomas to believe and why he delayed filing the lawsuit are questions which must be answered by the trier of fact after the parties have had an opportunity to present evidence. Thus the defendants should be allowed to raise the statute of limitations defense at trial, even though they are not entitled to a summary judgment.[3] The plaintiffs will then be able to assert once again the doctrine of equitable estoppel, and the trier of fact will determine whether the plaintiffs have demonstrated that Zurich made specific promises, inducements, representations, or assurances that reasonably induced the plaintiffs to delay filing suit.

### III.

The application for an interlocutory appeal is hereby granted. The portion of the trial court's January 7, 2005 order finding that the $10,000 payment "did induce the plaintiff to believe that the matter would be settled amicably without the necessity of a lawsuit, and, for this reason, the plaintiff delayed filing his suit" is vacated. The remainder of the order denying the motion for summary judgment is affirmed, and the case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed one-half to the plaintiffs and one-half to the defendants and their surety for which execution, if necessary, may issue.

PER CURIAM

---

[3] The defendants filed a motion to bifurcate in the trial court, requesting that the statute of limitations and equitable estoppel issues be tried separately, before the issues of liability and damages. The trial court declined to rule on the motion while the interlocutory appeal was pending.