# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
October 15, 2010 Session

## ANN TAYLOR REALTORS, INC.  v. JOHN N. SPORUP, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
No. CT-002422-02     Donna M. Fields, Judge

---

### No. W2010-00188-COA-R3-CV - Filed December 3, 2010

---

This is an action to enforce a promissory note.  The plaintiff/appellee, a realty company, entered into an exclusive listing agreement with John Sporup for the sale of real property. The listing agreement provided for an eight percent commission in cash on the sale of the property.  The realty company secured a buyer, the sale closed, and it received a portion of the commission owed.  As an accommodation to the client, however, the realty company agreed to defer the unpaid portion of the commission.  Mr. Sporup and his wife, co-owners of the corporation selling the property, signed a promissory note in their individual capacities providing for payment of the deferred commission in monthly installments with a balloon payment due at the end of three years.  After the buyer defaulted, the Sporups declined to honor the terms of the promissory note, maintaining that payment of the remaining commission was conditioned on their receipt of the buyer's payments.  The realty company filed this action to recover the unpaid commission, pre-judgment interest, and attorney's fees under the terms of the promissory note.  The Sporups counterclaimed.  The trial court awarded the realty company a judgment in the amount of $85,327.82 after a bench trial. Because the Sporups have not established a breach of fiduciary duty entitling them to an offsetting award of damages, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Thomas D. Yeaglin, Memphis, Tennessee, for the appellants, John N. Sporup and Dyanne A. Sporup.

William M. Jeter, Memphis, Tennessee, for the appellee, Ann Taylor Realtors, Inc.

**OPINION**

## I. Background and Procedural History

The plaintiff/appellee, Ann Taylor Realtors, Inc. ("Lender"), is a realty company located in Shelby County, Tennessee.[1] Lender employs Ann Taylor ("Realtor"), a licensed real estate agent with twenty-five years of experience in the residential and commercial real estate industry. The defendants/appellants, John and Dyanne Sporup, are former co-owners of Sparkle Auto/Truck Care Centre, Inc. ("Sparkle"), which at all times material to this lawsuit owned and operated a car wash under the same name at 3581 Hickory Hill Road in Memphis, Tennessee. John Sporup entered into an exclusive listing agreement in his name only for the sale of the Hickory Hill property on January 13, 2001, agreeing to pay Lender an eight percent commission in cash at closing if a buyer willing and able to purchase the property was obtained or if a sale occurred within the listing period and any extensions or renewals thereto. The listing agreement, which was twice extended, further provided that Mr. Sporup was responsible for all costs for collection and/or litigation, including a reasonable attorney's fee, if he failed or refused to pay any sum due to Lender under the agreement.

Lender's agent, Realtor, obtained a buyer willing and able to purchase the property, and the sale closed after negotiations on the terms and financing of the sale. As an accommodation to Mr. Sporup, Realtor agreed to accept a partial payment of the commission at closing and defer the remainder—$45,500—for payment over a three-year period. Realtor recorded the terms of the deferral arrangement, as dictated by Mr. Sporup, into a handwritten agreement that Realtor and Mr. Sporup signed. The terms later became the substance of a promissory note that the Sporups signed in their individual capacities at closing. The Sporups agreed in the promissory note to pay a principal sum of $45,500 with interest in 36 equal monthly installments amortized over 60 months beginning July 1, 2001, plus a final installment of the balance of the principal and interest thereon on June 1, 2004. According to Realtor, everyone was happy with the terms of the agreement at closing. The situation changed, however, when the buyer defaulted on the purchase money mortgage used to finance the underlying sale, prompting the Sporups to withhold payment of the commission owed.

---

[1] The promissory note describes Ann Taylor Realtors, Inc., as "Lender;" we will accordingly employ the terminology of the note in our discussion of the issues herein. We further note that the record contains a motion to substitute Ann Taylor as the real party in interest. The appellee asserts that this motion was granted, but there is no order to this effect in this record. The court's final order, on the other hand, grants judgment to Ann Taylor Realtors, Inc., demonstrating to this Court that the motion was denied.

Lender filed this action to recover the unpaid commission under the terms of the promissory note. The Sporups filed an answer and counterclaim averring that Lender's agent agreed payments of the commission would cease if the buyer breached the purchase money agreement. The Sporups alleged that Lender's agent promised she would have the closing attorney include a contingency provision in the promissory note, assured Mr. Sporup that commission payments would terminate if the buyer defaulted, induced the Sporups to enter into the agreement on this basis, failed to include the contingency provision in the promissory note, but withheld this information from the Sporups at closing. The Sporups further alleged, *inter alia*, that throughout the parties' dealings Realtor withheld information about the buyer's questionable financial position, deliberately or negligently misrepresented the buyer's financial position, deliberately or negligently misrepresented the terms of the promissory note, failed to exercise reasonable skill and care, failed to obey the instructions of the Sporups, engaged in self-dealing, and violated a duty of loyalty owed to the Sporups. Lender denied these allegations and litigation ensued.

On May 15, 2007, the Shelby County Circuit Court issued an oral ruling in favor of Lender after a bench trial, which it later incorporated into a final judgment.[2] The court concluded that Lender was entitled to a judgment against the Sporups for the principal sum of $45,500 plus interest and attorney's fees pursuant to the terms of the promissory note. The court further concluded that the Sporups failed to carry the burden of proof necessary to prevail on their counterclaim. The court consequently ordered the Sporups to pay Lender a total judgment of $85,327.82, which encompassed an award of attorney's fees in the amount of $7,474.20 and an award of pre-judgment interest in the amount of $32,352.62. The Sporups filed a motion to alter or amend the judgment or in the alternative for a new trial, which the court denied. The Sporups timely appealed.

## II. Issue Presented

The sole issue before this Court, as we perceive it, is whether Lender or its agent committed a breach of fiduciary duty entitling the Sporups to damages. The Sporups presented additional issues in their brief, but either did not raise these issues before the trial court or did not provide an argument supported by authority explaining why they should prevail on appeal. These issues are therefore waived. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. App. R. 6(a), (b); *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (citations omitted) ("One cardinal principle of appellate practice is that a party who fails to raise an issue in the

---

[2]The court's order incorporates by reference the oral findings of fact and conclusions of law issued at the conclusion of trial; however, the trial transcript does not include the court's oral ruling. This Court noted the absence of the court's ruling in a show cause order, but the appellants did not provide a copy of said ruling in the supplemented materials.

trial court waives its right to raise that issue on appeal."); *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000) (citations omitted) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.").

## III. Standard of Review

This Court reviews a trial court's findings of fact *de novo* upon the record, according a presumption of correctness to the findings unless a preponderance of the evidence is to the contrary. Tenn. R. App. P. 13(d)*; In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002) (citation omitted). This Court will not reevaluate the determinations of a trial court based on an assessment of credibility unless clear and convincing evidence is to the contrary. *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005) (citation omitted). This Court reviews the record *de novo* where the trial court has not made a specific finding of fact. *In re Valentine*, 79 S.W.3d at 546 (citation omitted). No presumption of correctness attaches to a trial court's conclusions of law. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000) (citation omitted).

## IV. Analysis

The Sporups argue on appeal that Realtor committed breaches of fiduciary duty when she (1) instructed the closing attorney to draft a promissory note that is "much more in favor" of Lender, ignoring Mr. Sporup's instruction to make payment of the remaining commission contingent on the buyer's payments; and (2) secretly structured the promissory note to make the Sporups individually liable for the deferred commission. An action for breach of fiduciary duty sounds in tort. *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 24 (Tenn. Ct. App. 2005) (citing *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 795 (Tenn. 1996)). In order to recover for breach of fiduciary duty, a plaintiff must establish: (1) a fiduciary relationship, (2) breach of the resulting fiduciary duty, and (3) injury to the plaintiff or benefit to the defendant as a result of that breach. 37 C.J.S. *Fraud* § 15 (2008).

There is no dispute whether Realtor was in a fiduciary relationship with Mr. Sporup. The negotiation and execution of an exclusive listing agreement between a real estate licensee and a seller of property establishes an agency relationship. Tenn. Code Ann. § 62-13-401 (2009). The establishment of this relationship imposes the following fiduciary duties:

> (1) Obey all lawful instructions of the client when the instructions are within the scope of the agency agreement between licensee and licensee's client;
> (2) Be loyal to the interests of the client. A licensee must place the

interests of the client before all others in negotiation of a transaction and in other activities, except where the loyalty duty would violate licensee's duties to a customer under § 62-13-402 or a licensee's duties to another client in a dual agency; and

(3)(A) Unless the following duties are specifically and individually waived, in writing by a client, a licensee shall assist the client by:

(i) Scheduling all property showings on behalf of the client;

(ii) Receiving all offers and counter offers and forwarding them promptly to the client;

(iii) Answering any questions that the client may have in negotiation of a successful purchase agreement within the scope of the licensee's expertise; and

(iv) Advising the client as to whatever forms, procedures and steps are needed after execution of the purchase agreement for a successful closing of the transaction.

(B) Upon waiver of any of the duties in subdivision (3)(A), a consumer shall be advised in writing by the consumer's agent that the consumer may not expect or seek assistance from any other licensees in the transaction for the performance of the duties in subdivision (3)(A).

Tenn. Code Ann. § 62-13-404 (2009). Lender, through its agent, entered into an exclusive listing agreement with Mr. Sporup, thereby giving rise to a fiduciary relationship under Tennessee statutory law.

Lender's agent also owed certain fiduciary duties to Mrs. Sporup to the extent Mrs. Sporup was a party to the underlying real estate transaction. Tennessee Code Annotated section 62-13-403 provides that a real estate licensee owes all parties to the underlying real estate transaction the following duties, except where otherwise provided by statute:

(1) Diligently exercise reasonable skill and care in providing services to all parties to the transaction;

(2) Disclose to each party to the transaction any adverse facts of which the licensee has actual notice or knowledge;

(3) Maintain for each party to a transaction the confidentiality of any information obtained by a licensee prior to disclosure to all parties of a written agency or subagency agreement entered into by the licensee to represent either or both of the parties in a transaction. This duty of confidentiality extends to any information that the party would reasonably expect to be held in confidence, except for information that the party has authorized for disclosure, information required to be disclosed under this part and information otherwise

-5-

required to be disclosed pursuant to this chapter. This duty survives both the subsequent establishment of an agency relationship and the closing of the transaction;

(4) Provide services to each party to the transaction with honesty and good faith;

(5) Disclose to each party to the transaction timely and accurate information regarding market conditions that might affect the transaction only when the information is available through public records and when the information is requested by a party.

(6) Timely account for trust fund deposits and all other property received from any party to the transaction; and

(7)(A) Not engage in self-dealing nor act on behalf of licensee's immediate family or on behalf of any other individual, organization or business entity in which the licensee has a personal interest without prior disclosure of the interest and the timely written consent of all parties to the transaction; and

(B) Not recommend to any party to the transaction the use of services of another individual, organization or business entity in which the licensee has an interest or from whom the licensee may receive a referral fee or other compensation for the referral, other than referrals to other licensees to provide real estate services under this chapter, without timely disclosing to the party who receives the referral the licensee's interest in the referral or the fact that a referral fee may be received.

Tenn. Code Ann. § 62-13-403 (2009). The duties set forth in sections 62-13-403 and -404 of the Code supersede any fiduciary or common law duties that a real estate licensee previously owed under Tennessee law. Tenn. Code Ann. § 62-13-402 (2009).

The question here is whether the Sporups have established a breach of fiduciary duty. In order to conclude that Realtor committed a breach of fiduciary duty, this Court would necessarily have to resolve several significant factual disputes in the Sporups' favor. We, however, conclude that the trial court's decision to enter judgment in favor of Lender amounted to an implied rejection of the Sporups' testimony on the issues in dispute and an implied finding of credibility in favor of Realtor. Importantly, the record supports a finding that Realtor did not agree to make Lender's commission contingent upon the receipt of the buyer's payments, did not agree to instruct the closing attorney to include such a provision in the promissory note, did not mislead the Sporups as to the contents of the promissory note, and did not secretly or inappropriately induce the Sporups to sign the promissory note in their individual capacities.

Realtor readily acknowledged at trial that she agreed to defer Lender's commission as a favor to Mr. Sporup but steadfastly denied offering to make the deferred commission contingent upon the buyer's payments. Realtor's testimony is supported by the plain language of two separate agreements that Mr. Sporup signed in his individual capacity. The first, a handwritten agreement, contains terms that Mr. Sporup dictated to Realtor deferring a portion of Lender's commission. The second, the promissory note, incorporates those terms into a formal written agreement that both Mr. Sporup and his wife signed. Mr. Sporup had two opportunities to express his dissatisfaction with the deferral agreement; in each instance, he expressly approved the arrangement without a single notation signifying an intention to the contrary. Mr. Sporup would have this Court believe that, despite being an experienced businessman: (1) he disagreed with the original handwritten agreement concerning the commission but did not make any written notations because he trusted Realtor to include the contingency agreement as promised, and (2) he did not read the promissory note before signing it at closing because he was "comfortable with the fact that the agreement was written up properly, as I had asked [Ms.] Taylor to have it written." The evidence, however, supports the trial court's implicit rejection of Mr. Sporup's testimony on this issue in favor of Realtor's. It also supports a conclusion that the promissory note accurately reflected the agreement between the parties concerning the deferral of Lender's commission. We therefore decline to find a breach of fiduciary duty on this basis.

We disagree with the suggestion that Lender unfairly agreed to *defer* its commission under the facts of this case. We start with the recognition that Lender did not owe Mr. Sporup a duty to defer the commission due at closing under the terms of the listing agreement. Rather, Lender agreed to defer the commission as a favor to Mr. Sporup. Lender, however, was not obligated to offer further concessions to the Sporups, and the promissory note was not unfair simply because it did not require Lender to share in the misfortune of the buyer's default.[3] The duty of Lender under the terms of the exclusive listing agreement was to provide a willing and able buyer, not to ensure that the buyer fulfilled the terms of the resulting contractual agreement. *See Parks v. Morris*, 914 S.W.2d 545, 548 (Tenn. Ct. App. 1995) (citing *Cheatham v. Yarbrough*, 15 S.W. 1076 (1891)) ("A real estate broker is entitled to his commission when he procures a purchaser who is

---

[3]We note that the testimony indicates the buyer had a nervous breakdown during the first week of operation at the car wash and decided to back out of the investment. This breakdown purportedly occurred as the result of his dissatisfaction with the car wash's equipment and discontent with the performance of its employees, which was clearly beyond Realtor's control. There is no evidence demonstrating that financial instability played a role in his default, that Realtor misrepresented the buyer's financial position, or that Realtor had any reason to predict the buyer's subsequent behavior. Rather, the only evidence in the record addressing the buyer's financial position indicates that he had good credit, operated a successful car wash in California, had sufficient funds in the bank to pursue the purchase, and struggled initially to obtain financing for the sale only because Sparkle's car wash showed very little to no profit on a yearly basis.

acceptable to the seller and who is ready, willing and able to buy on the seller's terms."). The record shows that Lender's agent fulfilled that duty in this case: Realtor diligently sought a buyer for the car wash, helped facilitate negotiations between the buyer and the Sporups, and even agreed to defer a commission already earned under the listing agreement as a favor to Mr. Sporup. We are unaware of any prohibition against making payment of a real estate commission contingent upon the seller's receipt of payment in the underlying real estate transaction. A real estate agent, however, is not obligated to offer such terms and does not commit a breach of fiduciary duty by withholding such an offer.

We likewise disagree with the contention that Realtor inappropriately or secretly directed the closing attorney to prepare a promissory note making the Sporups individually liable on the deferred commission. First, the original listing agreement was between Lender and John Sporup individually as the purported owner of the Hickory Hill property. Mr. Sporup did not sign the listing agreement in his capacity as President/Treasure of Sparkle, and Realtor testified that she believed she was representing John Sporup as owner of the car wash, not the corporate entity, under the terms of the listing agreement. Thus, the promissory note appropriately included Mr. Sporup as a signatory in his individual capacity. Mrs. Sporup, on the other hand, was a co-owner of Sparkle who benefitted from the sale of the property and the deferral of Lender's commission. She could have objected to her inclusion as a signatory to the promissory note or simply declined to sign in her personal capacity if she was unsatisfied with the arrangement. She did not. Although the sales agreements were drafted appropriately to effect the transfer of assets to the buyer from Sparkle as the actual owner of the car wash and attendant property, it was entirely reasonable that Lender obtained a promissory note securing its deferred commission from the Sporups in their individual capacities, especially where Sparkle owned no assets beyond those being transferred to the buyer.[4] We therefore conclude that the Sporups did not establish a breach of fiduciary duty for the reasons presented in their brief. In our view, the record supports the implicit conclusion of the trial court that Realtor acted honestly, loyally, and in good faith when dealing with the Sporups from the initiation of the relationship between Lender and Mr. Sporup to the closing of the sale between Sparkle and the buyer. Limiting our review to the arguments presented in the Sporups' brief, we conclude that the decision of the trial court must be affirmed.

---

[4]We note that the closing documents the Sporups signed in their capacities as officers of Sparkle concerned the underlying real estate transaction, while the promissory note concerned the payment of Lender's commission due under a separate agreement. The fact that these documents were submitted for the signature of the Sporups in one sitting is not predatory or dishonest where the commission was otherwise due in cash at closing under the terms of the listing agreement.

## V. Conclusion

For the foregoing reasons, we affirm the decision of the trial court. Costs of this appeal are taxed to the appellants, John N. Sporup and Dyanne A. Sporup, and their surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE